

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*Jacob K. Javits Federal Building*
*26 Federal Plaza*
*New York, New York 10278*

July 26, 2024

**BY ECF**
Honorable Lewis A. Kaplan
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

   Re:  *United States v. Matthew Queen*, 24 Cr. 291 (LAK)

Dear Judge Kaplan:

  The Government respectfully submits this letter in further support of its motion for the Proposed Protective Order.[1]  (*See* Dkt. No. 17-1).

  The defendant's letter filed via ECF on July 22, 2024 opposes entry of the Proposed Protective Order, which would prohibit the defendant from sharing certain discovery materials with the media and his employer, because it is precisely his intention to share discovery materials with his employer in an effort to resolve the suspension of his employment and to "respond to members of the press."  (Dkt. No. 21 at 3).  For the reasons that follow, the defendant's position must be rejected.

  *First*, the Government has established good cause for a protective order in this case.  The Government's investigation into the Seminary, the Denomination, and individuals associated with both the Seminary and the Denomination is ongoing.[2]  This fact alone is sufficient to establish good cause for entry of a protective order.  *See United States v. Baker*, 20 Cr. 288 (LJL), 2020WL 4589808, at *2 (S.D.N.Y. Aug. 10, 2020) (finding good cause for a protective order based on the risk that disclosure of material could affect the Government's ongoing investigation of uncharged individuals); *United States v. Smith*, 985 F. Supp. 2d 506, 531 (S.D.N.Y. 2013) (noting that courts

---

[1] The Government adopts and incorporates herein the same defined terms set out in its letter dated July 15, 2024.  (*See* Dkt. No. 17).

[2] In his July 22, 2024 letter, the defendant claims that the Government cannot possibly be continuing its investigation because the present matter is "the only prosecution that has resulted from a two year investigation" of the Denomination, and all potential subjects of the investigation are "very aware that they are potential subjects." (Dkt. No. 21 at 3).  Respectfully, the defendant has no basis on which to opine about the nature, scope, or breadth of the Government's ongoing investigation.  The Government is prepared to provide the Court with additional information about its ongoing investigation, either by proffer or *ex parte* submission, should the Court request such information.

have found it appropriate to enter a protective order "where public disclosure of certain materials" might interfere with law enforcement's ability "to investigate other criminal conduct related to the publicly filed charges"); *see also United States v. Madoff*, 626 F. Supp. 2d 420, 427 (S.D.N.Y. 2009) (rejecting press access to discovery because "disclosing the details of the Government's efforts to obtain evidence will undoubtedly hamper the investigation"); *United States v. Bin Laden*, No. 98 Cr. 1023, 2001 WL 66393, at *2 (S.D.N.Y. Jan. 25, 2001) (noting that protective order was appropriate because dissemination of discovery materials would "jeopardize the ongoing Government investigation into the activities of alleged associates of the Defendants").

Here, too, there is good cause for the Proposed Protective Order because certain of the Disclosure Materials the defendant seeks to disseminate publicly would identify victims and/or witnesses and reveal the content of their statements. Redaction alone cannot adequately protect against disclosure of the identity of victims and/or witnesses, much less prevent the defendant from presenting their statements without necessary context. (*See, e.g.,* Dkt. No. 21, Ex. F). This impermissible use of criminal discovery must be prohibited. *See Smith*, 985 F. Supp. 2d at 526 (finding entry of protective order appropriate to protect third party interests due to "the unfairness of being stigmatized from sensationalized and potentially out-of-context insinuations of wrongdoing, combined with the inability of these third parties to clear their names at trial"). This is true even though the defendant asserts that certain witnesses are identifiable; the Government has not publicly identified any witnesses or disclosed their statements and doing so would seriously jeopardize the ongoing investigation and compromise their privacy.

*Second*, it is well-established that there is no presumption of access to materials exchanged in criminal discovery. *See, e.g., Smith*, 985 F. Supp. 2d at 519-20; *United States v. Avenatti*, 19 Cr. 373, 2020 WL 70952, at *2-3 (S.D.N.Y. Jan. 6, 2020). Without acknowledging that black-letter law, the defendant objects to entry of the Proposed Protective Order, in essence arguing that he should be permitted to cherry pick and disseminate Disclosure Materials to litigate the allegations set out in the Superseding Information in the press and before third parties, prior to trial. The defendant cites no authority in support of this position because he cannot. The appropriate way to litigate the allegations in the Superseding Information is *at trial*. Nothing about the Proposed Protective Order prevents the defendant from doing just that.[3]

---

[3] Moreover, counsel has evidently felt unconstrained from setting out his objections to the factual assertions in the Superseding Information and mounting a full-throated defense of the defendant, both in the July 22, 2024 letter and in the press. *See, e.g.,* David Bumgardner, *Former Southwestern professor charged in FBI probe claims God told him in a dream to change his testimony*, Baptist News Global (July 23, 2024), *available at* https://baptistnews.com/article/former-southwestern-professor-charged-in-fbi-probe-claims-god-told-him-in-a-dream-to-change-his-testimony/; Dan Mangan and Corky Siemaszko, *Former Southern Baptist Professor Charged with Falsifying Recovers to Help Cover Up a Sexual Assault Allegation*, NBC News (May 22, 2024), *available at* https://www.nbcnews.com/news/us-news/former-southern-baptist-professor-charged-falsifying-records-help-cove-rcna153457; Mark A. Kellner, *Southern Baptist Pastor Charged With Obstructing Sex Crime Probe Says He's Innocent*, Washington Times (May 23, 2024), *available at* https://www.washingtontimes.com/news/2024/may/23/matthew-queen-southern-baptist-pastor-

*Finally*, the Government's press release in this matter does not undercut the need for a protective order. The defendant argues that he should be entitled to use certain Disclosure Materials to respond to the "statements publicly released by the government that have unfairly caused him great emotional, psychological, and financial harm." (Dkt. No. 21 at 9). Again, the defendant does not point to any authority to support his position because there is none. In fact, in *Smith*, Judge Karas rejected the very same argument. *See Smith*, 985 F. Supp. 2d at 535-42. In that case, the defendants were arrested and charged in a criminal complaint describing "in extensive detail allegations of bribery and fraud." *Id.* at 512. Following the defendants' arrests, the United States Attorney held a press conference to announce the arrests, describing in detail the allegations in the criminal complaint. *Id.* The defendants took issue with the statements made by the United States Attorney, and argued that a protective order preventing them from disseminating discovery materials publicly "improperly inhibit[ed] their right to rebut the United States Attorney's statements." *Id.* at 535-36. Judge Karas rejected the argument, finding that (1) the Government's statements did not "compromise[] this criminal proceeding and the future trial," and (2) the defendants had "no constitutional right to use the media to influence public opinion concerning [t]his case so as to gain an advantage at trial." *Id.* at 540. The statements in the press release at issue here are far less inflammatory than those at issue in *Smith*, and are derived directly from the Superseding Information, a publicly filed judicial document. By contrast, the defendant proposes publicly and selectively disseminating materials to which there is *no* presumption of public access in an effort to support his evolving explanations for his conduct.[4] Additionally, the press release makes clear that the content of the press release and the charges against the defendant constitute allegations, and that the "defendant is presumed innocent unless and until proven guilty." (*See* Dkt. No. 21, Ex. A). In this case, the statements made in the press release fall far from compromising this criminal proceeding and future trial, and as in *Smith*, the defendant has no constitutional right to disseminate discovery materials publicly.

---

charged-obst/. While the Government disputes various factual claims made in the defendant's submissions and the press, as well as their relevance, these disputes will be resolved at trial.

[4] *Compare* Dan Mangan and Corky Siemaszko, *Former Southern Baptist Professor Charged with Falsifying Recovers to Help Cover Up a Sexual Assault Allegation*, NBC News (May 22, 2024), *available at* https://www.nbcnews.com/news/us-news/former-southern-baptist-professor-charged-falsifying-records-help-cove-rcna153457 (shortly after the defendant's arrest, defense counsel stating unequivocally that the defendant "testified truthfully before the grand jury") *with* David Bumgardner, *Former Southwestern professor charged in FBI probe claims God told him in a dream to change his testimony*, Baptist News Global (July 23, 2024), *available at* https://baptistnews.com/article/former-southwestern-professor-charged-in-fbi-probe-claims-god-told-him-in-a-dream-to-change-his-testimony/ (presently "Schmidt paints Queen as a deep man of faith who was religiously manipulated by the seminary and its legal counsel to change his story and produce documentation he did not have").

      Because the Government has established good cause for a protective order, and because the Proposed Protective Order would not interfere with the defendant's ability to defend himself at trial, the Court should enter the Proposed Protective Order. The defendant's arguments against entry of the Order are not supported by the law and should be rejected.

                            Respectfully submitted,

                            DAMIAN WILLIAMS
                            United States Attorney

         By: _____
                            Jacqueline Kelly
                            Christy Slavik
                            Assistant United States Attorney
                            Southern District of New York
                            (212) 637-2456 / 1113

cc: Counsel of Record (via ECF)