UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------x
UNITED STATES OF AMERICA,

            -against-                                            24-cr-0291 (LAK)

MATTHEW QUEEN,

                      Defendant.
------------------------------------------x

## ORDER GRANTING
## MOTION FOR A PROTECTIVE ORDER

LEWIS A. KAPLAN, *District Judge.*

        This case arises out of the government's investigation into allegations of sexual abuse and misconduct against a national religious denomination and its affiliates. Defendant, a professor and administrator at an affiliated seminary, was charged in May 2024 with one count of falsifying records in connection with the government's investigation.[1] Defendant entered a plea of not guilty.[2]

        On July 15, 2024, the government filed a motion to enter its proposed protective order and previewed for the Court that defendant objected to the proposed order as applied to a subset of

---

[1] Dkt 3; Dkt 8.

[2] Dkt 13.

    The Court assumes familiarity with the facts as charged and as alleged in the parties' briefings. *See* Dkt 8; Dkt 17; Dkt 21. Because of the sensitive nature of the allegations and the dispute as to whether the documents at issue are covered by the protective order, the Court provides the minimal factual background necessary to decide the motion.

discovery materials, which he wished to share with his employer and with the public.[3] Defendant filed his objections and identified the specific documents at issue one week later.[4]

On August 13, 2024, the government filed a motion to enter a new protective order to which defendant consented, and which maintained defendant's objections to the order's application as to the documents at issue.[5] The Court entered the order the next day.[6] Thus, the question before the Court concerns solely whether the documents at issue are appropriately classified as "Disclosure Material" under the new protective order and therefore covered by the order's restriction on disclosure to outside parties.[7]

Rule 16(d)(1) of the Federal Rules of Criminal Procedure states that "[a]t any time the court may, for good cause, deny, restrict, or defer discovery or inspection, or grant other appropriate relief." "[G]ood cause exists 'when a party shows that disclosure will result in a clearly defined, specific and serious injury.'"[8] Courts commonly find good cause to exist when disclosure

---

[3] Dkt 17.

[4] Dkt 21.

[5] Dkt 26; *see id.*, ¶ 1 n.1.

[6] Dkt 27.

[7] *See id.*, ¶ 4; Dkt 26, ¶ 4.

[8] *In re Terrorist Attacks on Sept. 11, 2001*, 454 F. Supp. 2d 220, 222 (S.D.N.Y. 2006) (quoting *Shingara v. Skiles*, 420 F.3d 301, 306 (3d Cir. 2005)).

3

would implicate the "privacy interests of innocent third parties"[9] and "the safety of witnesses and others,"[10] or when it would "jeopardize [an] ongoing Government investigation."[11] The party seeking the protective order — in this case the government — "has the burden of showing that good cause exists for issuance of that order."[12]

Here, there is little doubt that the discovery material to which defendant objects squarely compromises both the future of the government's investigation and the privacy interests of victims and witnesses. Without publicly disclosing more details than is necessary, the documents at issue generally fall into one of two buckets. Many of them contain identifying information of a victim and episode of sexual assault, as well as the contemporaneous accounts and actions of potential witnesses in this case who may also be subjects of the investigation. And others were made in the very process of the investigation itself, with the potential to compromise the government's investigative methods, strategy, and possible targets. The government has more than shown that the documents at issue could endanger both the investigation and third parties if publicized, and thus good cause exists for classifying them as "Disclosure Material" under the protective order and

---

[9] *United States v. Smith*, 985 F. Supp. 2d 506, 519, 524 (S.D.N.Y. 2013) (quoting *United States v. Amodeo*, 71 F.3d 1044, 1050 (2d Cir. 1995)); *see also United States v. Ramirez*, No. 21-cr-41, 2021 WL 914457, at *1 (S.D.N.Y. Mar. 10, 2021).

[10] *United States v. Urena*, 989 F. Supp. 2d 253, 262 (S.D.N.Y. 2013) (quoting Fed. R. Crim. P. 16, advisory committee notes, 1966 Amendment).

[11] *United States v. Bin Laden*, No. 98-cr-1023, 2001 WL 66393, at *2 (S.D.N.Y. Jan. 25, 2001); *see also Smith*, 985 F. Supp. 2d at 530-31; *United States v. Milken*, 780 F. Supp. 123, 127 (S.D.N.Y. 1991); *United States v. Jackson*, No. 21-cr-537, 2022 WL 582700, at *2 (S.D.N.Y. Feb. 25, 2022).

[12] *Smith*, 985 F. Supp. 2d at 522 (quoting *Gambale v. Deutsche Bank AG*, 377 F.3d 133, 142 (2d Cir. 2004)).

4

restricting their dissemination.

Defendant contends that the documents at issue should be free from the protective order so that he can use them to defend himself in the press and with his employer. There are a few problems with this logic, however. First, pre-trial discovery "is essentially a private process because the litigants and the courts assume that the sole purpose of discovery is to assist trial preparation."[13] As such, "no public right of access exists with respect to materials produced during the initial stages of discovery."[14] Indeed, even defendant himself has no right to unfettered access to and inspection of every single item of discovery.[15] Thus, there is no duty, obligation, or right for the press to be made privy to the documents at issue in support of defendant's alleged corrections to the public narrative.

Second, defendant's express desire to take sensitive discovery materials directly to the press in order to disseminate them and defend himself in public media is of particular concern.[16] Courts must exercise careful scrutiny to ensure that public disclosure of discovery documents does not serve to "taint a trial," either by biasing the public or putting pressure on an investigation.[17] In this regard, use of private materials for public relations or media sympathy would be an abuse of the

---

[13] *Smith*, 985 F. Supp. 2d at 519 (quoting *United States v. Anderson*, 799 F.2d 1438, 1441 (11th Cir. 1986)).

[14] *In re Terrorist Attacks*, 454 F. Supp. 2d at 222 (citing *Amodeo*, 71 F.3d at 1050).

[15] *United States v. Bankman-Fried*, No. 22-cr-673, Dkt 278 at 2-3 (collecting cases).

[16] Dkt 21 at 2, 9.

[17] *Smith*, 985 F. Supp. 2d at 520.

5

discovery process, which is unquestionably defendant's intent with the documents at issue. While the Court is sympathetic to the urge to defend oneself publicly, the purpose of discovery is "to facilitate orderly preparation for trial, not to educate or titillate the public."[18] The Court sees no merit in defendant's arguments to the contrary.

Finally, defendant argues that the identities of those being investigated already are widely known to anyone in the community, and in any event he can redact their names and personal identifying information when disclosing the documents to help protect them.[19] However, even if defendant redacted names and other identifying details, context from the documents easily could give away private information to those not already in the know, to the point where defendant would need to redact most, if not all, of the document text.[20] And while it may be true that some in the community already are aware of the investigation and its targets, further publication and dissemination of sensitive information would only broaden that awareness, unnecessarily complicating the government's inquiry.

---

[18] *Joy v. North*, 692 F.2d 880, 893 (2d Cir. 1982); *see also Smith*, 985 F. Supp. 2d at 521 (quoting *Joy*).

[19] Dkt 21 at 1-3, 8.

[20] This point is further underscored by a letter that defendant submitted to the Court just last Friday, in which he proposed additional redactions to one of the documents at issue that were not initially included in his July 22, 2024 filing (Dkt 21). The fact that defendant and his counsel could not confidently identify which redactions were necessary to protect the relevant privacy interests in this case demonstrates the inherent risk in allowing any version of these discovery materials to be publicized at all. And if it were not obvious already, the Court's ruling on defendant's objections to the protective order makes the request in his letter irrelevant, as the unredacted version of Dkt 21 will not be made public.

Accordingly, defendant's objections to the protective order (Dkt 27 at ¶ 1 n.1) are overruled.

SO ORDERED.

Dated:     September 4, 2024

*[signature]*

Lewis A. Kaplan
United States District Judge