UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| v. | 24 Cr. 291 (LAK) |
| MATTHEW QUEEN, | |
| Defendant. | |

# GOVERNMENT'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS THE INDICTMENT

DAMIAN WILLIAMS
United States Attorney for the
Southern District of New York
One St. Andrew's Plaza
New York, New York 10007

Jacqueline Kelly
Christy Slavik
Assistant United States Attorneys
    *Of Counsel*

**PRELIMINARY STATEMENT**

The Government respectfully submits this memorandum of law in opposition to defendant Matthew Queen's motion to dismiss the Superseding Information ("Information") for failure to state an offense pursuant to Rule 12 of the Federal Rules of Criminal Procedure (*see* Dkt. No. 44 ("Def. Mem.")). The defendant's motion must be denied, as he comes nowhere near meeting his heavy burden to obtain dismissal of the Information, which is an "extraordinary remedy" reserved for "extremely limited circumstances implicating fundamental rights." *United States v. De La Pava*, 268 F.3d 157, 165 (2d Cir. 2001). The Information, which tracks the language of the charged statute and contains a detailed to wit clause, is more than sufficient to satisfy the pleading requirements under Federal Rule of Criminal Procedure 7(c), and therefore, the defendant's motion should be denied.

**BACKGROUND**

**A. Factual Background**

As alleged in the Information,[1] at all times relevant the defendant was employed by a seminary (the "Seminary") affiliated with a national religious denomination (the "Denomination") as a professor and the Interim Provost. (Information at ¶ 1). In 2022, the Government began investigating allegations of sexual abuse and misconduct related to the Denomination and its affiliated entities, as well as the cover-up of such allegations by individuals associated with the Denomination and its affiliated entities. (*Id.* at ¶ 2). In connection with the investigation, a grand jury subpoena was issued to the Seminary requiring the production of, among other things, all

---

[1] On May 8, 2024, a grand jury sitting in this District returned a sealed one-count Indictment charging the defendant with falsification of records, in violation of Title 18, United States Code, Section 1519. (Dkt. No. 3). On May 21, 2024, the Information was filed and unsealed, containing the same substantive charge. (Dkt. No. 8). The Information charges the defendant with one count of falsification of records, in violation of 18 U.S.C. § 1519. At this pretrial stage, the Government limits its discussion of the relevant facts to those alleged in the Information.

1

documents in the Seminary's possession related to allegations of sexual abuse against anyone employed by or associated with the Seminary. (*Id.*).

In November 2022, after the Seminary received the grand jury subpoena, an employee at the Seminary ("Employee-1") received a report regarding an allegation that a current Seminary student had committed sexual abuse. (*Id.* at ¶ 3). Employee-1 immediately brough the allegation to the attention of the Seminary's campus police, but the Seminary took no further action regarding the allegation and did not report it to the Government at the time. (*Id.*).

In January 2023, Employee-1 created a document describing, among other things, the November 2022 allegation of sexual abuse and the Seminary's failure to take action regarding the allegation at the time it was reported to Employee-1 (the "Document"). (*Id.* at ¶ 4). The Document, based on its content, was required to be produced to the Government in response to the grand jury subpoena. (*Id.* at ¶ 2). Days later, on January 26, 2023, a member of the Seminary's executive staff ("Employee-2") met with Employee-1 and the defendant, during which Employee-2 directed Employee-1 to destroy the Document. (*Id.* at ¶ 5). The defendant was present during the conversation about the Document and heard Employee-2 direct Employee-1 to make the Document "go away." (*Id.*).

On May 23, 2023, the defendant met with the Government in Fort Worth, Texas. (*Id.* at ¶ 6). During that meeting, the defendant falsely stated that he had not heard Employee-2 direct Employee-1 to destroy the Document during the January 26, 2023 meeting. (*Id.*) Days after the defendant's meeting with the Government, on May 26, 2023, the defendant told another Seminary employee ("Employee-3") that the defendant had located a notebook in his office containing purportedly contemporaneous notes of the January 26, 2023 conversation (the "Notes"). (*Id.* at ¶ 7). The Notes were falsely dated and falsely stated that on January 26, Employee-2 and Employee-

1 had discussed providing the Document to a different department at the Seminary, but omitted the fact that Employee-2 had directed Employee-1 to destroy the Document. (*Id.*). The defendant provided the Notes to Employee-3 to produce in response to the grand jury subpoena. (*Id.*).

On June 20, 2023, the defendant met again with the Government in New York City and produced the original notebook containing the Notes. (*Id.* at ¶ 9). During that meeting, the defendant initially falsely stated that he had written the Notes contemporaneously to the conversation he witnessed between Employee-1 and Employee-2 on January 26, 2023. (*Id.*). Later in the same meeting, the defendant then falsely stated that he instead had written the Notes in April 2023. (*Id.*). In truth, the defendant had not written the Notes contemporaneously with the January 26, 2023 conversation or in April, but instead had written the Notes following his May 23, 2023 meeting with the Government. (*Id.*).

The following day, on June 21, 2023, the defendant testified under oath that on January 26, 2023, he had in fact heard Employee-2 instruct Employee-1 to make the Document "go away." (*Id.* at ¶ 10).

### B. The Defendant's Charge

The defendant is charged with one count of falsification of records in violation of 18 U.S.C. § 1519. That statute penalizes:

> Whoever knowingly alters, destroys, mutilates, conceals, covers up, falsifies, or makes a false entry in any record, document, or tangible object with the intent to impede, obstruct, or influence the investigation or proper administration of any matter within the jurisdiction of any department or agency of the United States . . . or in relation to or contemplation of any such matter or case . . .

18 U.S.C. § 1519. As recognized by this Circuit, "a defendant may violate § 1519 by creating a document that is false or that misrepresents the truth." *United States v. Rowland*, 826 F.3d 100, 109 (2d Cir. 2016). Moreover, in addition to affirmative false statements, courts have found that a material omission with the requisite mental state satisfies § 1519. *See, e.g.*, *id.* at 116 (rejecting

defendant's argument that district court erred in instructing jury that "a defendant can falsify a document by knowingly omitting a material fact"); *United States v. Singh*, 979 F.3d 697, 716-17 (9th Cir. 2020) (concluding that defendant's material omissions satisfied the actus reus element of Section 1519 and noting that "[i]t is difficult to differentiate between the culpability of one who intentionally omits information, and one who conceals or falsifies information."); *United States v. Taohim*, 529 F. App'x 969, 974 (11th Cir. 2013) (per curiam); *United States v. Moyer*, 674 F.3d 192, 207 (3d Cir. 2012); *United States v. Schmeltz*, 667 F.3d 685, 687–88 (6th Cir. 2011); *see also United States v. Lanham*, 617 F.3d 873, 887 (6th Cir. 2010) ("Material omissions of fact can be interpreted as an attempt to 'cover up' or 'conceal' information.").

As set out in the Information, Count One charges the defendant as follows:

> In or about June 2023, in the Southern District of New York and elsewhere, MATTHEW QUEEN, the defendant, knowingly altered, destroyed, mutilated, concealed, covered up, falsified, and made a false entry in a record, document, and tangible object with the intent to impede, obstruct, and influence the investigation and proper administration of a matter within the jurisdiction of a department and agency of the United States, and in relation to and in contemplation of such a matter, to wit, QUEEN prepared and provided to the United States Attorney's Office a false document, with the intent to impede, obstruct, and influence an investigation by the United States Attorney's Office.

(Information at ¶ 11).

## **ARGUMENT**

The defendant moves to dismiss the Information under Rule 12 of the Federal Rules of Criminal Procedure, principally arguing that the Government will not be able to prove that the defendant had the intent to impede, obstruct, or influence the Government's investigation, and that the information omitted from the Notes was material. (Def. Mem. at 9-12). But dismissal of a

charging instrument pretrial has no basis where, as here, the Information is facially sufficient and alleges all the necessary elements.[2]

### C. Applicable Law

The Federal Rules of Criminal Procedure provide that an information "must be a plain, concise, and definite written statement of the essential facts constituting the offense charged. Fed. R. Crim. P. 7(c). To satisfy this requirement, an information generally "need do little more than to track the language of the statute charged and state the time and place (in approximate terms) of the alleged crime." *United States v. Stavroulakis*, 952 F.2d 686, 693 (2d Cir. 1992); *United States v. Vilar*, 729 F.3d 62, 80 (2d Cir. 2013) (same). "An indictment is sufficient as long as it (1) contains the elements of the offense charged and fairly informs a defendant of the charge against which he must defend, and (2) enables the defendant to plead an acquittal or conviction in bar of future prosecutions for the same offense." *United States v. Wedd*, 993 F.3d 104, 120 (2d Cir. 2021) (internal punctuation omitted). Dismissal of an indictment is accordingly a "drastic remedy that should be utilized with caution and only in extreme cases." *United States v. Walters*, 910 F.3d 11, 26 (2d Cir. 2018) (citation omitted).

"Since federal crimes are solely creatures of statute, a federal indictment can be challenged on the ground that it fails to allege a crime within the terms of the applicable statute." *United States v. Aleynikov*, 676 F.3d 71, 75-76 (2d Cir. 2012). *See also* Fed. R. Crim. P. 12(b)(2) ("A party may raise by pretrial motion any defense, objection, or request that the court can determine without a trial of the general issue."). However, the indictment need only allege the "core of criminality" the Government intends to prove at trial. *See United States v. Rigas*, 490 F.3d 208, 228-29 (2d

---

[2] While not relevant to the instant motion to dismiss the Information, the Government fully intends to meet its burden at trial to show the defendant committed each element of the offense charged, including that he had the requisite *mens rea* and that the Notes were false.

5

Cir. 2007). Moreover, it is well settled that, "[u]nless the government has made what can fairly be described as a full proffer of the evidence it intends to present at trial," a facially valid indictment is not subject to challenge based on the quality or quantity of evidence. *United States v. Alfonso*, 143 F.3d 772, 776 (2d Cir. 1998); *see also United States v. Williams*, 504 U.S. 36, 54 (1992); *United States v. Perez*, 575 F.3d 164, 166 (2d Cir. 2009). This rule exists because Indictments are "not meant to serve an evidentiary function," but rather, "to acquaint the defendant with the specific crime with which he is charged, allow him to prepare his defense, and protect him from double jeopardy." *United States v. Juwa*, 508 F.3d 694, 701 (2d Cir. 2007).

Accordingly, "at the indictment stage, [courts] do not evaluate the adequacy of the facts to satisfy the elements of the charged offense." *United States v. Dawkins*, 999 F.3d 767, 780 (2d Cir. 2021). Rather, "[t]hat is something [courts] do after trial." *Id*. This is consistent with the well-established principle that summary judgment proceedings "do[] not exist in federal criminal procedure." *Id*.

### D. Discussion

In his motion, the defendant argues that the Information, and underlying Indictment, should be dismissed for failure to state an offense pursuant to Fed. R. Crim. P. Rule 12. (Def. Mem. at 1). The defendant acknowledges that motions for summary judgment are not allowed in a criminal case and that "motions to dismiss an indictment are rarely made and even more rarely granted," but argues that the Court should nonetheless rely on the speaking allegations in the Information in order to assess whether the Information should be dismissed. (*Id.* at 6-7). Even more, the defendant asks the Court to consider facts beyond the four corners of the Indictment, setting forth additional facts sourced to certain cherry-picked documents attached as exhibits as well as other facts not sourced at all. (*See, e.g., id.* at 1-6, 9-10). The defendant's effort to have the Court usurp the role of the jury in the case pretrial must be denied.

6

The Information in this case easily meets the requirements of Fed. R. Crim. P. 7(c) and should not be dismissed. The Information sufficiently sets forth all of the necessary elements of falsification of records under 18 U.S.C. 1519, which makes it a crime to "knowingly alter[], destroy[], mutilate[], conceal[], covers up, falsif[y], or make[] a false entry in any record, document, or tangible object with the intent to impede, obstruct, or influence the investigation or proper administration of any matter within the jurisdiction of any department or agency of the United States." The Information closely tracks the statutory language of the statute, and provides notice of the defendant's particular alleged violation. (Dkt. No. 8 at ¶ 11). Specifically, along with the statutory allegations, the Information alleges that in or about June 2023, in the Southern District of New York and elsewhere, "QUEEN prepared and provided to the United States Attorney's Office a false document, with the intent to impede, obstruct, and influence an investigation by the United States Attorney's Office." (*Id.*). These allegations are clearly sufficient to survive a motion to dismiss pursuant to Fed. R. Crim. P. 12(b): they track the statute, provide notice of the crime charged, including the approximate time and place, and "fairly inform the defendant of the charge against" him. *See Stavroulakis*, 952 F.2d at 693; *Wedd*, 993 F.3d at 120.

The defendant's motion, while styled as a motion to dismiss, is really a motion for summary judgment based on an incomplete, unsourced recitation of facts. But this Circuit has made clear that "summary judgment does not exist in federal criminal procedure." *Wedd*, 993 F.3d at 121. At the motion to dismiss stage, "the Court accepts the allegations in the indictment as true and may not consider the sufficiency of the evidence." *Navarro*, 551 F. Supp. 3d at 388. The fact that the Information here contains speaking allegations does not in any way change that analysis. The Government has not made a full proffer of the evidence it intends to rely on at trial, nor represented

that the allegations in the Information are indicative of the full universe of evidence on which it will rely. *See Alfonso*, 143 F.3d at 776. This is true as to each element of the charged offense including the falsity of the document at issue.[3] And as the Court of Appeals held in *Wedd*, the district court lacks authority to require the Government to do so before trial, which would "effectively force a summary judgment-like motion on the government." 993 F.3d at 121 (quoting *United State v. Sampson*, 898 F.3d 270, 282 (2d Cir. 2018)). Thus the sufficiency of the evidence is not an appropriate consideration in this case, and the Court should not look beyond the four corners of the Information. *See Alfonso*, 143 F.3d at 776-77; *Wedd*, 993 F.3d at 121. Accordingly, the defendant's motion must fail.

## **CONCLUSION**

For the foregoing reasons, the Government respectfully submits that the Court should deny the defendant's motion to dismiss the Information.

Dated: New York, New York
September 19, 2024

> Respectfully submitted,
>
> DAMIAN WILLIAMS
> United States Attorney for the
> Southern District of New York
>
> By:   /s/  
> Jacqueline Kelly
> Christy Slavik
> Assistant United States Attorneys
> Tel.: (212) 637-2456 / 1113

---

[3] The Government notes that the defendant appears to assume that the Government intends to rely solely on an omission in the Notes to demonstrate falsity. (Def. Mem. at 9-10). The Government has not made such a representation, nor has it proffered all the evidence it would offer to prove this element.

8