UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

UNITED STATES OF AMERICA,

- against -

MATTHEW QUEEN

                                      Defendant.
------------------------------------------------------------X

REPLY MEMORANDUM IN SUPPORT OF
MOTION TO DISMISS INFORMATION

24 Cr. 291 (LAK)

**Sam A. Schmidt, Esq.**
**29 Broadway, Suite 1412**
**New York, New York 10006**
**(212) 346-4666**

*Counsel For Defendant*
*Matthew Queen*

1

This memorandum is submitted in reply to the government's memorandum of law in opposition to defendant's motion to dismiss the information and the preceding redacted indictment for failure to state an offense pursuant to Fed. R. Crim. P. Rule 12.

While the government accuses the defendant of cherry picking documents, it is the government that alleges certain facts in a grossly incomplete manner. More significant, however, the government misstates the defendant's main arguments, fails to state any argument against it and proceeded to argue against a straw argument it created.

The basis of the charge in the information is that the Note given to the government was false because it "omitted the fact that Employee-2 had directed Employee-1 to destroy the Document."[1]   Defendant's primary argument was not that the government "will not be able to prove that the defendant had the intent to impede, obstruct, or influence the Government's investigation, and that the information omitted from the Notes was material."  Defendant's primary argument was that the information provided to the government by Dr. Queen's attorney prior to providing the Note included the information that allegedly was omitted meant that there was no false document. With no false document, there is no offense.[2]

Like the government's argument, the charging information omits the

---

[1] Based upon the discovery and documents received from the government, there is no dispute that it is alleged that Employee-2 told Employee-1 to make the document "go away" not that she should "destroy the Document."

[2] The government's obvious failure to present the statements made by the defendant's attorney to the government prior to him sending a copy of the Note to the grand jurors was improper.

1

undisputed fact that demonstrates that there is no false document. While Your Honor is limited as to what facts you may consider, when undisputed facts demonstrate the defect in the indictment, then the district court does not impinge on the role reserved for the jury. *United States v. Aiyer*, 33 F.4th 97, 116 (2d Cir. 2022); *United States v. Yakou*, 428 F.3d 241, 246 (D.C. Cir. 2005) . While the indictment may be challenged when the government makes a full proffer of the evidence it intends to prove at trial, as the above cases indicate, as long as the district court does not usurp the role of the jury, it may make factual determinations. *Aiyer*, 33 F.4th at 116 citing *United States v. Sampson*, 898 F.3d 270, 281 (2d Cir. 2018).

We know that Dr. Queen's attorney told the government what it alleged was left out in the Note is undisputed because it was recorded in writing by the government! Exhibit B. Acknowledging the existence of this undisputed fact does not usurp the role of the jury. Dr. Queen is not challenging the adequacy of the government's proof, he is challenging the adequacy of its charging information.

In its response, the government repeatedly noted it intended to prove all of the elements of the offense at trial. What it has not done was deny that Dr. Queen's attorney provided all of the alleged facts that they claim were not included in the Note that was alleged in the information that made it a false note!

Therefore, there is no fact finding necessary by this Court. Defendant does not ask your Honor to usurp the role of the jury. The allegations in the information, combined with the undisputed facts reflected by the government's own hand, demonstrate that there is no offense that requires a trial.

Based on the foregoing, and the original memorandum of law in support, this Court should grant defendant's motion to dismiss the information and indictment.


DATED:   September 24, 2024
         New York, New York

                                            Respectfully submitted,

                                            _____/s/_____

                                            Sam A. Schmidt, Esq.
                                            Attorney for Matthew Queen

3