OAG1QUEP

```
1   UNITED STATES DISTRICT COURT
    SOUTHERN DISTRICT OF NEW YORK
2   ------------------------------x

3   UNITED STATES OF AMERICA,

4             v.                          24 Cr. 291 (LAK)

5   MATTHEW QUEEN,

6             Defendant.                  Plea
    ------------------------------x
7
                                          New York, N.Y.
8                                         October 16, 2024
                                          12:08 p.m.
9

10  Before:

11                  HON. SARAH L. CAVE,

12                                        District Judge

13                      APPEARANCES

14
    DAMIAN WILLIAMS
15       United States Attorney for the
         Southern District of New York
16  BY:  JACQUELINE C. KELLY, ESQ.
         Assistant United States Attorney
17
    LAW OFFICE OF SAM A. SCHMIDT
18       Attorneys for Defendant
    BY:  SAM A. SCHMIDT, ESQ.
19

20

21

22

23

24

25
```

OAG1QUEP

```
1                    (Case called)

2                    THE DEPUTY CLERK:  Counsel, please state your

3     appearance for the record.

4                    MS. KELLY:  Good afternoon, your Honor.  Jacqueline

5     Kelly for the government.

6                    THE COURT:  Good afternoon.

7                    MR. SCHMIDT:  Good afternoon, your Honor.  Sam Schmidt

8     for Matthew Queen.

9                    THE COURT:  Good afternoon.

10                   Good afternoon, Mr. Queen.  I'm Magistrate Judge Cave.

11    Nice to meet you.

12                   THE DEFENDANT:  Nice to meet you, your Honor.

13                   THE COURT:  All right.  So the first thing, we're here

14    for a plea allocution today, Mr. Queen, and I have before me a

15    form entitled to Consent to Proceed Before a United States

16    Magistrate Judge on a Felony Plea Allocation that you've

17    signed.  What this form says is that knowing that you have the

18    right to have your plea taken by a United States district

19    judge, you're agreeing to have the plea taken by me, a United

20    States magistrate judge.  Do you understand that, sir?

21                   THE DEFENDANT:  Yes, your Honor.

22                   THE COURT:  Very good.  I'll accept the consent.

23                   Has the defendant previously waived indictment?

24                   MR. SCHMIDT:  We have signed the waiver form, yes,

25    your Honor.
```

OAG1QUEP

1          THE COURT:  You've signed the waiver, but he hasn't
2    orally done it.
3          MR. SCHMIDT:  Yes, your Honor.
4          MS. KELLY:  Correct, your Honor, and he hasn't been
5    arraigned on the superseding information.
6          THE COURT:  Okay.  So why don't we do the waiver.
7    We'll swear in Mr. Queen, and we'll do the waiver of
8    indictment, and then I'll arraign him on the superseding
9    information as well.
10          THE DEPUTY CLERK:  Raise your right hand.
11          (Defendant sworn)
12          THE DEPUTY CLERK:  Please be seated.
13          You are Matthew Queen?
14          THE DEFENDANT:  Yes, ma'am.
15          THE DEPUTY CLERK:  Have you signed the waiver of
16    indictment?
17          THE DEFENDANT:  Yes, ma'am.
18          THE DEPUTY CLERK:  Before you signed it did you
19    discuss it with your attorney?
20          THE DEFENDANT:  Yes, ma'am.
21          THE DEPUTY CLERK:  Did your attorney explain it to
22    you?
23          THE DEFENDANT:  Yes, ma'am.
24          THE DEPUTY CLERK:  Do you understand what you are
25    doing?

OAG1QUEP

1           THE DEFENDANT:  Yes, ma'am.

2           THE DEPUTY CLERK:  Do you understand that you are

3   under no obligation to waive indictment?

4           THE DEFENDANT:  Yes, ma'am.

5           THE DEPUTY CLERK:  Do you understand that if you do

6   not waive indictment, if the government wants to prosecute you,

7   they will have to present this case to a grand jury, which may

8   or may not indict you?

9           THE DEFENDANT:  Yes, ma'am.

10           THE DEPUTY CLERK:  Do you understand that by signing

11   this waiver of indictment, you have given up your right to have

12   this case presented to a grand jury?

13           THE DEFENDANT:  Yes, ma'am.

14           THE DEPUTY CLERK:  Do you understand what a grand jury

15   is?

16           THE DEFENDANT:  Yes, ma'am.

17           THE DEPUTY CLERK:  Have you seen a copy of the

18   information?

19           THE DEFENDANT:  Yes, ma'am.

20           THE DEPUTY CLERK:  Do you waive its public reading?

21           THE DEFENDANT:  Yes, ma'am.

22           THE DEPUTY CLERK:  Okay.  Thank you.

23           THE COURT:  Thank you.

24           Mr. Schmidt, just for purposes of the arraignment, I

25   would assume that Mr. Queen will first enter a plea of not

OAG1QUEP

1  guilty and then we'll proceed with the plea allocution.  Could

2  you just explain to him why we're doing that, or do you need me

3  to explain to him why we're doing that?

4       MR. SCHMIDT:  No, your Honor.  It's a two-count

5  information.  He's only pleading to one count, so initially

6  he'll plead not guilty to the entire information.

7       THE COURT:  Okay.  So Mr. Queen, I'm just going to

8  present you formally and arraign you on the superseding

9  information, which has not officially been presented to you

10 before.

11      So the first count of the superseding information

12 charges that in May and June of 2023, you prepared a false

13 document in connection with an investigation by the United

14 States Attorney's Office and that that was in violation of 18

15 U.S.C. Section 1519.

16      Count Two of the superseding information charges that

17 on June 20, 2023, you made false statements during a meeting

18 with the United States Attorney's Office and a special agent

19 from the FBI and that that was in violation of 18 U.S.C.

20 Section 1001(a)(2).

21      So you've now been presented with these charges.  Do

22 you wish to enter a plea to both of those charges in the

23 superseding information?

24      THE DEFENDANT:  Not guilty.

25      THE COURT:  Okay.  So we will enter a not guilty plea

OAG1QUEP

1    with respect to the superseding information, and the record

2    will reflect that Mr. Queen has been arraigned on the

3    superseding information.

4            And we'll now proceed to the plea allocution.  Okay?

5    So the plea allocution, Mr. Queen, the purpose of which is to

6    make sure that you understand your rights, decide whether

7    you're pleading guilty of your own free will, and make sure

8    that you're pleading guilty because you are guilty and not for

9    some other reason.

10           Before accepting your plea, there are a number of

11   questions I must ask you while you're under oath to assure that

12   it is a valid plea.  I may at times cover a point more than

13   once, and I may cover matters that were addressed in other

14   forms that you've been shown, but if I do do that, if I do

15   repeat myself, that is because it is very important that you

16   understand what's happening here today.  In that regard, if you

17   don't understand something that I say or ask you, please say

18   so, and I'm happy to reword the question or you may speak to

19   Mr. Schmidt.  Do you understand?

20           THE DEFENDANT:  Yes, your Honor.

21           THE COURT:  Do you understand, Mr. Queen, that any

22   statements you make here may be used against you in a

23   prosecution for perjury or making false statements?

24           THE DEFENDANT:  Yes, your Honor.

25           THE COURT:  Please state your full name for us.

OAG1QUEP

1           THE DEFENDANT:  Matthew Burton Queen.

2           THE COURT:  How old are you, sir?

3           THE DEPUTY CLERK:  49.

4           THE COURT:  Are you a citizen of the United States?

5           THE DEFENDANT:  Yes, your Honor.

6           THE COURT:  Are you able to read and write in English?

7           THE DEFENDANT:  Yes, ma'am.

8           THE COURT:  How far did you go in school, sir?

9           THE DEFENDANT:  I have a PhD.

10          THE COURT:  Have you now or have you recently been

11  under the continuing care of a doctor or a psychiatrist?

12          THE DEFENDANT:  Yes, ma'am.

13          THE COURT:  Okay.  Does the condition or conditions

14  for which you're being treated, does that have any effect on

15  your ability to see, hear, think, understand, or make decisions

16  on your own behalf?

17          THE DEFENDANT:  No, your Honor.

18          THE COURT:  Have you been hospitalized in the past for

19  mental illness?

20          THE DEFENDANT:  Yes, your Honor.

21          THE COURT:  And how long ago was that?

22          THE DEFENDANT:  A little over a year.  June of 2023,

23  after my grand jury testimony.

24          THE COURT:  And how long were you hospitalized?

25          THE DEFENDANT:  Less than 24 hours.

OAG1QUEP

```
 1              THE COURT:  The condition for which you were
 2   hospitalized, is that something that you still experience
 3   today?
 4              THE DEFENDANT:  No, ma'am.
 5              THE COURT:  Are you on any continuing medication or
 6   treatment for that condition?
 7              THE DEFENDANT:  Yes, ma'am.
 8              THE COURT:  Does that medication affect your ability
 9   to understand or make decisions?
10              THE DEFENDANT:  No, your Honor.
11              THE COURT:  Have you been treated in the past for
12   alcoholism?
13              THE DEFENDANT:  No, your Honor.
14              THE COURT:  Have you been treated in the past for drug
15   addiction?
16              THE DEFENDANT:  No, your Honor.
17              THE COURT:  And as you sit here today, are you under
18   the influence of any mind-altering drug or alcoholic drink?
19              THE DEFENDANT:  No, your Honor.
20              THE COURT:  And so far have you been able to
21   understand everything we've said to you?
22              THE DEFENDANT:  Yes, your Honor.
23              THE COURT:  Have you seen a copy of the superseding
24   information that we just discussed a moment ago?
25              THE DEFENDANT:  Yes, your Honor.
```

OAG1QUEP

1          THE COURT:  And have you had a chance to read it?

2          THE DEFENDANT:  Yes, your Honor.

3          THE COURT:  And do you understand what it says you

4    did?

5          THE DEFENDANT:  Yes, your Honor.

6          THE COURT:  Have you had a chance to discuss the

7    charges and how you wish to plead with Mr. Schmidt?

8          THE DEFENDANT:  Yes, your Honor.

9          THE COURT:  And are you satisfied with his

10   representation of you?

11         THE DEFENDANT:  Very, yes, ma'am, your Honor.

12         THE COURT:  Good.  Do you feel that you've had a full

13   opportunity to discuss your case with him?

14         THE DEFENDANT:  Yes, your Honor.

15         THE COURT:  And are you in fact ready to enter a

16   different plea today?  I'm sorry.  Let me state that again.

17         Are you ready to enter a plea of guilty today?

18         THE DEFENDANT:  Yes, your Honor, to Count Two.

19         THE COURT:  Correct.

20         Now, Ms. Kelly, pursuant to Federal Rule of Criminal

21   Procedure 5(f), I need to confirm that the government is aware

22   of and has fulfilled its obligation, under *Brady v. Maryland*

23   and its progeny, to disclose to the defense all information,

24   whether admissible or not, that is favorable to Mr. Queen,

25   material either to guilt or to punishment, and known to the

OAG1QUEP

1    government.

2              MS. KELLY:  Yes, your Honor, the government is aware

3    of its obligations and has produced such material to the

4    defense.

5              THE COURT:  Thank you.

6              Now Count Two of the superseding information, which is

7    the count that is at issue here in this plea allocution, that

8    count charges you with making false statements in connection

9    with a grand jury investigation on June 20, 2023, in violation

10   of 18 U.S.C. Section 1001.  Do you understand that charge?

11             THE DEFENDANT:  Yes, your Honor.  Your Honor?

12             THE COURT:  Yes.

13             THE DEFENDANT:  Am I supposed to stand up?

14             THE COURT:  You're fine.

15             THE DEFENDANT:  Okay.  I'm sorry.

16             THE COURT:  Otherwise it's a lot of activity, so it's

17   fine for you to sit, but thank you for asking.

18             THE DEFENDANT:  Yes, ma'am.

19             THE COURT:  How do you wish to plead to this charge,

20   Count Two of the superseding information?

21             THE DEFENDANT:  Guilty, your Honor.

22             THE COURT:  Now with respect to the count charging you

23   with making false statements, I need you to understand that the

24   maximum penalty is a prison term of five years, a term of

25   supervised release of three years, a fine of as much as

OAG1QUEP

1    $250,000 or twice what was gained because of the criminal

2    activity or twice what someone other than yourself lost because

3    of the criminal activity, and a mandatory special assessment of

4    $100.  Do you understand these maximum penalties I've just

5    described, sir?

6              THE DEFENDANT:  Yes, your Honor.

7              THE COURT:  In addition, the Court could order you to

8    pay restitution to any victims.  Do you understand that?

9              THE DEFENDANT:  Yes, your Honor.

10             THE COURT:  Ms. Kelly, is there a forfeiture count?

11             MS. KELLY:  There is not, your Honor.

12             THE COURT:  Okay.  Thank you.

13             Do you understand, Mr. Queen, that if as part of your

14   sentence you were placed on a term of supervised release and

15   you then violated any of the conditions of that release, you

16   could face an additional term of imprisonment?

17             THE DEFENDANT:  I do, your Honor.

18             THE COURT:  You told me earlier that you're a citizen

19   of the United States.  I do need to advise you, I'm required by

20   law to advise you, that if in fact you are not a United States

21   citizen, pleading guilty to a felony offense may have a

22   negative impact on immigration status and any application to

23   enter the United States in the future for permission to remain

24   in the United States, or to become a United States citizen.

25   Are you aware of that?

OAG1QUEP

1          THE DEFENDANT:  I understand, your Honor.

2          THE COURT:  Thank you.

3          Do you understand, Mr. Queen, that you have the right

4     to plead not guilty to this charge and the right to a jury

5     trial if you wish?

6          THE DEFENDANT:  I do, your Honor.

7          THE COURT:  And do you understand also, Mr. Queen,

8     that if you pled not guilty and went to trial, you would be

9     presumed innocent and the burden would be on the government to

10    prove your guilt beyond a reasonable doubt to a jury of 12

11    people?

12         THE DEFENDANT:  I do, your Honor.

13         THE COURT:  Mr. Queen, I need you to understand there

14    are a number of other rights you would have if you pled not

15    guilty and went to trial.

16         You have the right to be represented by counsel and,

17    if necessary, have the court appoint counsel to represent you

18    at the government's expense at trial and at every other stage

19    of the proceeding.

20         At a trial, you would be entitled to confront and

21    cross-examine any witnesses called by the government to testify

22    against you; you would be entitled to testify in your own

23    behalf; you could call witnesses and present evidence, and the

24    court would compel the attendance of witnesses you wished to

25    call.

OAG1QUEP

1          Also at a trial, you would not be required to testify

2     against yourself.

3          If you were convicted at trial, you would have the

4     right to appeal that verdict to a higher court.

5          Do you understand all the rights I've just described,

6     sir?

7          THE DEFENDANT:  I do, your Honor.

8          THE COURT:  And do you understand, Mr. Queen, that

9     you're giving up all of these rights if you plead guilty today?

10          THE DEFENDANT:  I do, your Honor.

11          THE COURT:  If you plead guilty, Mr. Queen, you're

12     giving up the right not to incriminate yourself, and in a few

13     minutes I'm going to ask you questions about what you did to

14     satisfy myself that you're actually guilty.  So by pleading

15     guilty, you're admitting both your factual guilt as well as

16     your legal guilt.  Do you understand?

17          THE DEFENDANT:  I understand, your Honor.

18          THE COURT:  The civil rights I described a moment ago

19     as well as the right to vote are controlled by state law, so

20     the specific consequences of a felony conviction will vary from

21     state to state.  Do you understand?

22          THE DEFENDANT:  Yes, your Honor.

23          THE COURT:  Do you understand, Mr. Queen, that if you

24     enter a guilty plea today, you will not be able to withdraw

25     this plea, there will be no trial, and the only remaining step

OAG1QUEP

1    in this case will be the sentencing?

2              THE DEFENDANT:  Yes, your Honor.

3              THE COURT:  And do you understand that even if you're

4    surprised or disappointed by your sentence, you are still bound

5    by your guilty plea?

6              THE DEFENDANT:  Yes, your Honor.

7              THE COURT:  So I have before me a letter dated

8    October 9, 2024, from the United States Attorney to your

9    attorney, containing a plea agreement.  Are you familiar with

10   this letter, sir?

11             THE DEFENDANT:  Yes, your Honor.

12             THE COURT:  And is that in fact your signature on the

13   last page that I see?

14             THE DEFENDANT:  Yes, your Honor.

15             THE COURT:  Before you signed it did you discuss it

16   with Mr. Schmidt?

17             THE DEFENDANT:  Yes, your Honor.

18             THE COURT:  And did he explain to you all of its terms

19   and conditions?

20             THE DEFENDANT:  Yes, your Honor.

21             THE COURT:  Now apart from what's contained in this

22   letter, did anyone make a promise to you in order to get you to

23   plead guilty?

24             THE DEFENDANT:  No, your Honor.

25             THE COURT:  And apart from what's contained in this

OAG1QUEP

1    letter, did anyone make a promise to you about the actual

2    sentence you would receive in order to get you to plead guilty?

3              THE DEFENDANT:  No, your Honor.

4              THE COURT:  In reviewing the plea agreement, I note

5    that it contains an analysis of how part of our law of

6    sentencing, known as the sentencing guidelines, may impact a

7    prison term in your case.  Based on that analysis, the

8    agreement states the conclusion that the guidelines sentencing

9    range can be expected to be zero to six months, and the fine

10   range, $500 to $90,500.  Do you understand that?

11             THE DEFENDANT:  I do, your Honor.

12             THE COURT:  Do you understand that the sentencing

13   judge, Judge Kaplan, is required to make his own independent

14   calculation of the appropriate sentencing range under the

15   sentencing guidelines and will also have the discretion to give

16   you a sentence below or above that range up to the maximum

17   sentence of five years that I told you about earlier?  Do you

18   understand?

19             THE DEFENDANT:  I do, your Honor.

20             THE COURT:  In addition to the sentencing guidelines,

21   Judge Kaplan will also consider the factors set forth in 18

22   U.S.C. Section 3553(a).  Those factors include, but are not

23   limited to, the nature and circumstances of the offense, your

24   history and characteristics, the need for the sentence imposed

25   to reflect the seriousness of the crime, to deter criminal

OAG1QUEP

1    conduct, and protect the public, and also the need to provide

2    you with any needed education, training, or medical care, and

3    the kinds of sentences available.

4            In other words, Judge Kaplan will pronounce whatever

5    sentence he believes is the appropriate sentence for you, even

6    if that sentence is different from the one in the plea

7    agreement.  Do you understand that?

8            THE DEFENDANT:  I do, your Honor.

9            THE COURT:  Judge Kaplan will also consider a

10   presentence report prepared by the probation department in

11   advance of your sentencing.  Before you're sentenced, you and

12   the government will have an opportunity to challenge the facts

13   in that presentence report.  Do you understand that?

14           THE DEFENDANT:  I do, your Honor.

15           THE COURT:  There is no parole in the federal system,

16   and so if you are sentenced to prison, you will not be released

17   on parole.  Do you understand that?

18           THE DEFENDANT:  Yes, your Honor.

19           THE COURT:  Do you want to take a minute to speak to

20   Mr. Schmidt about that?

21           THE DEFENDANT:  Yes, ma'am.

22           THE COURT:  Go right ahead.

23           (Mr. Schmidt conferring with the defendant)

24           THE DEFENDANT:  I now understand, your Honor.

25           THE COURT:  All right.  So now having had a chance to

OAG1QUEP

1    speak to Mr. Schmidt, you understand when I explain to you

2    there is no parole in the federal prison, so if sentenced to

3    prison, you would not be released on parole; you understand

4    that?

5             THE DEFENDANT:  I understand it now.  Thank you.

6             THE COURT:  All right.  Very good.

7             Do you understand that under the terms of this plea

8    agreement, if Judge Kaplan sentences you to a prison term that

9    is zero to six months or less, you're giving up your right to

10   appeal that sentence or to challenge it in any other way, such

11   as through a writ of habeas corpus?

12            THE DEFENDANT:  I do, your Honor.

13            THE COURT:  The plea agreement also says that you

14   cannot appeal any fine of $9,500 or less, any special

15   assessment of $100 or less, and any lawful sentence of

16   supervised release.  Do you understand that?

17            THE DEFENDANT:  I do, your Honor.

18            THE COURT:  The plea agreement also provides that

19   you're giving up your right to complain if the government

20   withheld evidence from your attorney that would have been

21   helpful to you.  Do you understand that?

22            THE DEFENDANT:  Yes, ma'am.

23            THE COURT:  Ms. Kelly, are there any other provisions

24   of the plea agreement you'd like me to review with Mr. Queen?

25            MS. KELLY:  No, your Honor.  Thank you.  Just going

OAG1QUEP

1  back to the allocution on the voluntariness, however——

2              THE COURT:  Yes.

3              MS. KELLY:  ——would your Honor mind asking the

4  defendant if he also agrees, pursuant to Rule 11(b)(2), that no

5  force or threats were used in connection——

6              THE COURT:  That's later.  I get to that in a minute.

7  Yes.  This is just questions about the plea agreement.

8              MS. KELLY:  Nothing further.

9              THE COURT:  Okay.  Very good.

10             Mr. Schmidt, any questions you'd like me to ask?

11             MR. SCHMIDT:  No, your Honor.

12             THE COURT:  So knowing everything that I've explained

13  to you, Mr. Queen, do you still wish to plead guilty to Count

14  Two of the superseding information?

15             THE DEFENDANT:  I plead guilty to that count, your

16  Honor.

17             THE COURT:  Very good.  Thank you.

18             Did anyone use any force or make any threats against

19  you, directly or indirectly, to influence how you plead today?

20             THE DEFENDANT:  No, your Honor.

21             THE COURT:  Is your plea voluntary, of your own free

22  will?

23             THE DEFENDANT:  Yes, your Honor.

24             THE COURT:  And did you in fact commit the offense

25  charged in Count Two of the superseding information?

OAG1QUEP

1          THE DEFENDANT:  Yes, your Honor.

2          THE COURT:  Now before I ask you to tell me what you

3     did—

4          Ms. Kelly, I will ask you to summarize the elements of

5     the offense and any evidence you would have offered at trial.

6          MS. KELLY:  Yes, your Honor.

7          The defendant is pleading guilty to one count of 18

8     U.S.C. 1001(a)(2).  The elements of the offense are as follows:

9          First, the defendant made a statement;

10         Second, the statement was false;

11         Third, the statement was material;

12         Fourth, the defendant acted knowingly and willfully;

13    and

14         Fifth, the statement pertained to a matter within the

15    jurisdiction of the Executive Branch of the United States

16    government.

17         If the case proceeded to trial, the government

18    anticipates that its evidence would include, among other

19    things, the defendant's own statements, recordings, emails and

20    other documents, witness testimony, and phone records.

21         THE COURT:  Thank you very much, Ms. Kelly.

22         So Mr. Queen, it's now the time for you to tell me in

23    your own words what you did that makes you guilty of the charge

24    in Count Two of the superseding information.

25         MR. SCHMIDT:  Your Honor, Mr. Queen has prepared a

1    written statement, so he's going to be reading from that.

2             THE COURT:  Perfectly fine.  Yes.

3             THE DEFENDANT:  Thank you, your Honor.

4             THE COURT:  Take your time.

5             THE DEFENDANT:  A few days after an interview with the

6    government officials on May 23, 2023, I gave copies of notes to

7    others.  The notes were dated January 26, indicating that they

8    were made contemporaneously with the January 26, '23,

9    conversation.  I knew that the notes were to be forwarded to

10   the government pursuant to a November 22——2022 subpoena.  The

11   notes were not made contemporaneously and were not written——

12            (Audio interruption)

13            MR. SCHMIDT:  Sorry.

14            THE DEFENDANT:  The notes were not made

15   contemporaneously and were written after the May 23, 2023,

16   interview with the government and were forwarded to the

17   government in June 2023.

18            During an interview on June 20, 2023 with government

19   officials, I falsely stated when I wrote the notes about the

20   January 26, 2023, conversation.  Later, I acknowledged that I

21   lied because the notes were written a few days after the

22   May——after the May 23, 2023, interview with the government.

23            I knew lying to the government was wrong and illegal.

24            THE COURT:  Okay.  Thank you, Mr. Queen.

25            So just to clarify a couple of things.  You were first

OAG1QUEP

1    interviewed by the government in May 2023, correct?

2            THE DEFENDANT:  Yes, your Honor.

3            THE COURT:  And during that interview there were

4    questions about a January 26 meeting?

5            THE DEFENDANT:  Yes, your Honor.

6            THE COURT:  And after the May 2023 interview with the

7    government, you created some notes that appeared to pertain to

8    the January meeting but in fact were not created in January

9    2023.

10           THE DEFENDANT:  That is correct, your Honor.

11           THE COURT:  And then you were subsequently interviewed

12   by the government in June 2023?

13           THE DEFENDANT:  Yes, your Honor.

14           THE COURT:  And during that June 2023 interview, you

15   told the government that the notes had been created on

16   January 26 when they in fact were not, correct?

17           THE DEFENDANT:  One of the attorneys gave me——I'm

18   sorry.  I'm sorry, your Honor.

19           THE COURT:  Take your time.

20           THE DEFENDANT:  I'm very nervous, your Honor.

21           THE COURT:  That's okay.  Take your time.

22           THE DEFENDANT:  One of the attorneys with me gave the

23   original notes to the government that indicated it was written

24   contemporaneously with the January 26 meeting.  I do not recall

25   actually saying it was written then, but it was clear that the

OAG1QUEP

1    notes indicated that it was.  I did say shortly after that it

2    was written in April 2023, and that was not true.

3            THE COURT:  Okay.  Thank you.

4            And then sometime after the June 2023 meeting you

5    acknowledged that the statements you had made about when the

6    notes were created were in fact not true.

7            (Mr. Schmidt conferring with the defendant)

8            THE DEFENDANT:  Yes, your Honor.

9            THE COURT:  Thank you.

10           Ms. Kelly, are there any other questions you'd like me

11   to ask Mr. Queen?

12           MS. KELLY:  Just as it relates to whether the

13   statement was material, your Honor.  If you could ask the

14   defendant if he understood that his false statements were

15   material because they related to a January 26 meeting that was

16   under investigation by the government.

17           THE COURT:  Sure.

18           MR. SCHMIDT:  If I may, your Honor.

19           THE COURT:  Yes.

20           MR. SCHMIDT:  Material——

21           THE COURT:  I'll use a different word.

22           MR. SCHMIDT:  Okay, but material is a question of law,

23   and it does not require actual knowledge on the part of

24   Mr. Queen.  The government has indicated why they believe it

25   was material, and we have no objection or disagreement with

OAG1QUEP

1   their determination.

2           THE COURT:  Okay.  Thank you.

3           Let me just ask, though, Mr. Queen, during the May

4   2023 interview—I think I asked you this already, but—the

5   agents or the attorneys asked you questions about the

6   January 26 meeting, correct?

7           THE DEFENDANT:  Yes, your Honor.

8           THE COURT:  And the notes that you later discussed,

9   those purported to pertain to that January 26 meeting, correct?

10          THE DEFENDANT:  Yes, your Honor.

11          THE COURT:  Okay.  And so you knew that one of the

12  things that the agents and the U.S. Attorney were looking into

13  was this January 26 meeting, correct?

14          THE DEFENDANT:  Yes, your Honor.

15          THE COURT:  That that was the subject of their

16  investigation.

17          THE DEFENDANT:  Yes, your Honor.

18          THE COURT:  Is that okay, Ms. Kelly?

19          MS. KELLY:  Yes.  Thank you, your Honor.

20          THE COURT:  Very good.  Thank you.

21          Also, is there any dispute about venue, Mr. Schmidt?

22          MR. SCHMIDT:  No, your Honor.  The actual meeting

23  occurred in the Southern District of New York.

24          THE COURT:  That's what I assumed, but I just wanted

25  to make sure there wasn't any issue about that.  Okay.  Thank

OAG1QUEP

1    you.

2            On the basis of Mr. Queen's responses to my questions

3    and my observation of his demeanor throughout this proceeding,

4    I find that he's fully competent to enter an informed plea at

5    this time, and I also conclude that he understands the nature

6    of the charges and the consequences of his plea.  I'm also

7    satisfied that his plea is voluntary and that there is a

8    factual basis for it.  So I will recommend to Judge Kaplan that

9    the proffered plea to Count Two of the superseding information

10   be accepted.

11           I will direct that a presentence report be prepared,

12   and so I ask the prosecution to provide the factual summary

13   within 14 days, and Mr. Schmidt, if you and your client could

14   also be arranged to be interviewed by the probation department

15   promptly as well.

16           Ms. Kelly, anything further from the government?

17           MS. KELLY:  No, your Honor.  Thank you.

18           THE COURT:  Mr. Schmidt?

19           MR. SCHMIDT:  Just that, your Honor, I believe it was

20   recommended that the case be adjourned for sentencing to

21   February 26.

22           THE COURT:  Yes.  I was just going to note that.  The

23   sentencing date that Judge Kaplan has set is February 26, 2025.

24   I don't have the time in front of me so the parties should

25   definitely, once things proceed, follow up with Judge Kaplan to

OAG1QUEP

1    confirm that date and get a specific time.  Okay.

2         MR. SCHMIDT:  I will.  Thank you, your Honor.

3         THE COURT:  All right.  Thank you.

4         Thank you for your cooperation, Mr. Queen.  I wish you

5    the best.

6         Thank you, everyone.  We'll be adjourned for today.

7         THE DEFENDANT:  Thank you, your Honor.

8         THE COURT:  You're welcome.

9                              o0o

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25