**LAW OFFICE OF SAM A. SCHMIDT**
29 BROADWAY SUITE 1412
NEW YORK, N.Y.  10006
(212) 346-4666
facsimile (212) 346-4668
e-mail lawschmidt@aol.com

**Sam A. Schmidt, Esq.**
_____

January 3, 2025

Honorable Lewis A Kaplan
United States Courthouse
500 Pearl St.
New York, NY 10007-1312

      Re:  *United States v. Matthew Queen*
         24 Cr. 291 (LAK)

Dear Honorable Judge Kaplan:

     This letter is in response to the Southwestern Baptist Theological Seminary's ("SWBTS") motion to quash or modify a subpoena requesting documents in its possession filed on December 26, 2024.

     The documents requested pursuant to subpoena are not subject to SWBTS's claim of attorney-client privilege nor work product. It is neither unreasonable nor oppressive for any reason.  These are documents that were in the possession of the attorney that was representing Dr. Queen that SWBTS obtained from the attorney assigned by the local court to oversee Mr. Poe's practice after he passed away on June 3, 2024, three weeks after present counsel was retained. Dr. Queen has every right to these documents and SWBTS has no right to retain the documents or claim privilege or work product.

     Further, it violates the oral agreement between counsel for Matthew Queen and SWBTS that resulted in the modification of Dr. Queen's memorandum in opposition to the protective order and the  modification and redaction of that document to remove statements related to a February 2023 meeting that may have been subject to attorney client privilege.  SWBTS counsel agreed that conversations solely between Mr. Poe and Dr. Queen relating to the interviews by the Department of Justice and notes of those interviews were not subject to a claim

1

by SWBTS of attorney-client privilege.

Now SWBTS seeks to prevent Dr. Queen from obtaining notes of the attorney that prepared him and represented him during the questioning by the Department of Justice, and provided documents relevant to this case to the Department of Justice.

**Background**

A grand jury issued subpoenas to numerous entities associated with the Southern Baptist Convention in November 2022 relating to allegations that the Convention were covering up allegations of sexual abuse and misconduct. The attorney representing SWBTS on that matter was Michael D. Anderson of Kelly Hart & Hallman. Mr. Anderson advised SWBTS on all matters relating to the subpoena.

On November 3, 2022, Employee 1[1] learned that a non student had made complaints to local law enforcement of sexual abuse committed by a student at SWBTS. Employee 1 also learned that the Burleson Police Department investigation was concluding, the detectives were seeking a warrant for the alleged perpetrator, the alleged assault did not take place on campus and that the young woman was being cared for. Upon reporting this information to the Chief of Police at the seminary, she was told that since the police was at the end of the investigation, a warrant appeared to be forthcoming and the student did not live on campus, nothing else could be done. In fact, the local police informed the victim and the victim's friend, who informed Employee 1, that the SWBTS should not get involved because it could jeopardize the investigation.

When SWBTS learned of the existence of a warrant in January 2023, it took immediate steps to locate the alleged perpetrator and have him surrender to the local police in SWBTS's police office. There was no action taken by any employee of SWBTS to frustrate the investigation of the complaint made by the alleged victim.

At a meeting of administrative staff of the SWBTS in February, attorney

---

[1] Counsel will again not identify by name those listed as Employee-1, -2 and -3 in the information and other filed documents.

Michael Anderson, representing SWBTS, had discussions relating to the complaint and arrest of the student, and the obligations of SWBTS staff to report such allegations immediately so it could be forwarded to the government. A further dispute about a document prepared by Employee-1 was also discussed.

    Counsel does not seek any records regarding the meeting with the attorney in February 2024 that may be protected by attorney client privilege, even though the privilege appears to have been waived a number of times to assist the government with its investigation.

    Sometime in early May 2023, SWBTS was notified by a representative of the United States Attorney's office in the SDNY that it sought to interview a number of persons relating to the document prepared by Employee-1. Dr. Queen was notified that he would be one of the persons to be interviewed.  He was told by President Dockery that Brian Poe would be the attorney present and that he should speak with him.  Dr. Queen did have conversations with Mr. Poe.  Under the circumstances. Dr. Queen believed that Mr. Poe would be acting as his attorney.  Mr. Poe did not explain the potential conflicts that might occur as the result of his representation of multiple witnesses and SWBTS.

    On two later occasions, when the question of representation arose between Dr. Queen and Dr. Dockery, Dr. Dockery told Dr. Queen that he should not spend his money on an attorney and that the Seminary was paying Mr. Poe to represent him.  Indeed, Mr. Poe's and Dr. Queen's interaction was as between a client and his attorney. Dr. Queen was never informed that Mr. Poe was acting solely as the attorney for SWBTS and not as his attorney.

    That Mr. Poe was acting as his attorney is confirmed in an email to a representative of the United States Attorney for the Southern District of New York.

> From: Brian Poe <bpoe@bpoelaw.com>
> Sent: Tuesday, June 13, 2023 5:14 PM
> To: Sanchez, Jenessis (USANYS) [Contractor] <JSanchez5@usa.doj.gov>
> Subject: [EXTERNAL] Follow up
>
> Jenessis,

3

> I forgot to give you all my contact info during our call. Just as a reminder, I'm the attorney for [DK], [Employee-1], and Matt Queen.
>
> Thanks,
> Brian D. Poe, Attorney at Law PLLC
> The Bryce Building
> 909 Throckmorton Street
> Fort Worth, TX 76102
> (817) 870-2022 (office)
> (972) 822-7396 (cell)[2]

Exhibit A. And, of course, the proffer agreement clearly states that "[w]ith respect to the meeting of [Matthew Queen] ("Client") and his attorney, Brian Poe, Esq., with Assistant United States Attorneys Lindsey Keenan and Jacqueline Kelly ...." with signatures of both Dr. Queen and Brian Poe. Exhibit C.

    Soon after testifying in the grand jury Dr. Queen retained a new attorney, Leigh Davis. After Mr. Davis was retained, Mr. Poe spoke and met with Mr. Davis

---

[2] An email from Mr. Poe to Dr. Queen, Exhibit B, further illustrates the relationship.

From: Brian Poe <bpoe@bpoelaw.com>
Date: Mon, Jun 5, 2023 at 5:56 PM
Subject: SDNY Grand Jury
To: Matt Queen <docmbq@gmail.com>
Matt,
The government has indicated that they want to interview you again in New York on June 20 and most likely call you to testify before the grand jury on June 21. The government will cover your travel expenses, but I need you to block out June 19 - 21 on your calendar. As we get closer to the date, you and I will speak several times before we have to go to New York. I'll be there with you. Everything will be okay, they have continued to confirm that you are not a target of their investigation.

Thanks,
Brian D. Poe, Attorney at Law PLLC
The Bryce Building
909 Throckmorton Street
Fort Worth, TX 76102
(817) 870-2022 (office)
(972) 822-7396 (cell)

and with Mr. Davis and Dr. Queen.³ Notwithstanding the claim in the SWBTS' motion, at no time prior to the indictment or shortly before did Dr. Queen, Mr. Davis, Mr. Poe, Dr. Dockery or any member of SWBTS believe that Dr. Queen was a target of the investigation.

Present counsel was retained on or about May 10, 2024. On or about May 13, 2024, present counsel had a conversation with Brian Poe relating to his representation of Dr. Queen. Mr. Poe made no mention nor any indication of a concern that he was somehow violating the attorney-client privilege of SWBTS. Mr. Poe indicated that he had notes relating to his representation of Dr. Queen. However, he indicated he was ill and would be leaving the country for treatment very soon. Mr. Poe said he would send present counsel his notes when he returned. Unfortunately Mr. Poe passed away shortly thereafter and was unable to forward the documents to counsel.

Mr. Poe was a solo practitioner and present counsel was unsuccessful obtaining the documents from his office. In July 2024, a local attorney was appointed as a guardian to administer his office and client files. To avoid litigation, it was agreed that the guardian would provide the documents to the attorneys for SWBTS who would make the documents available to me pursuant to an agreement under in Federal Rule of Evidence 502(d). The agreement included language that

> In the event that SWBTS later seeks to claw back or limit the use of any potentially privileged material on the basis of attorney-client privilege or any other applicable privilege or protection, both Dr. Queen and SWBTS reserve their rights to contest any such assertions at that time.

However, during my conversations with Jeffrey Ansley, Esq., the lead attorney for the Seminary relating to this matter, he agreed that Mr. Poe's notes and correspondence solely with Mr. Queen, notes of Mr. Queen's interviews with the government and Mr. Poe's notes or correspondence concerning Mr. Queen with the government were not subject to attorney client privilege. Nevertheless, since October 2024, Mr. Ansley has ignored my entreaties to provide the

---

³ In a July 5, 2023 text between Mr. Davis and Mrs. Queen, Mrs. Queen noted that "Dr. Dockery said via text that he hopes Matt can meet with Brian soon."

5

documents or even to accept a subpoena electronically. SWBTS, through its attorneys, filed a motion to quash or modify the subpoena.

**ARGUMENT**

The entire premise of the motion to quash is based on the claim that Brian Poe, Esq. was retained by SWBTS "to represent them with respect to an investigation involving the handling and/or reporting of sexual assault allegations being conducted by the Southern District of New York." SWBTS Exhibit 2. The subpoena did not seek any records or documents relating to any conversation between Mr. Poe and any representative of SWBTS. Significantly, the retainer agreement between Mr. Poe and SWBTS does not reflect that an internal investigation or report by Mr. Poe was contemplated as part of the retainer agreement. Further, the subpoena subject to the motion to quash does not request any documents related to any internal investigation. The subpoena simply requests documents that relate to Mr. Poe's representation of Dr. Queen for the investigation being conducted by the Southern District of New York.

That SWBTS retained the same attorney to represent its interests and paid for the representation of Dr. Queen does not impact the relationship between Dr. Queen and Mr. Poe, nor does it give SWBTS the authority to retain documents that rightfully belong to Dr. Queen.[4] That Mr. Poe placed himself in an ethically challenged position by representing SWBTS in relation to the investigation and representing individual witnesses in interviews with the government does not impact his representation of Dr. Queen or the obligations towards Dr. Queen's present attorney. Mr. Poe undeniably acted as the attorney for Dr. Queen in all dealings with the government such as communications on his behalf and as counsel during interviews. His email to Jenesss Sanchez stating "[j]ust as a reminder, I'm the attorney for ..., and Matt Queen" and his signature on the proffer agreement resolves any potential factual dispute.

The cases cited by SWBTS do not support its motion. *United States v. Xu*, 2024 WL 4504352 related to attorneys retained to do an internal investigation on behalf of a corporation where Xu sought documents that included conversations between the attorneys and the officers of the corporation. Xu was not employed

---

[4] Dr. Queen does not waive his attorney-client privilege with Mr. Poe. Therefore, SWBTS is not authorized to provide those documents to any person or entity. If Your Honor requires a review of the material prior to deciding this motion, counsel would seek an ex parte conference with the Court.

by the corporation nor was there any claim nor evidence that the attorneys represented Xu.

*United States v. Zhu,* 77 F.Supp.3d. 327 (S.D.N.Y. 2014) may appear to have some relevance but does not upon review. The attorney was also retained to do an internal investigation by the corporate client and did not present himself as representing Zhu in any way. As the district court determined, the documents requested were "notes prepared by counsel following an interview with Zhu in the course of an internal investigation. The notes are not a verbatim transcript but rather a summary that incorporates the attorney's legal analysis." *Id*. at 330.[5]

The documents are needed to prepare Dr. Queen's sentencing submission. Because such a submission is not limited to trial admissible documents, the documents can be subpoenaed from a third party, especially if the third party is wrongfully in possession of and wrongfully withholding such documents. Counsel expects that some documents will accurately reflect information that is either not accurately reflected in the presentence report or provides information to put certain statements in the PSR in the appropriate context.

For example, Dr. Queen's memory of some of the relevant statements in his proffers with the government differ slightly but significantly with the notes taken by government. We expect the notes of Mr. Poe will reflect information that is relevant to Dr. Queen's mental state that will mitigate his intent, an important consideration at sentencing. In its first decision, the district court in *Zhu* upheld the subpoena as to requests 2 and 4 specifically "in that they speak to Zhu's intent" and were potentially admissible at trial. Case 1:13-cr-00761-VM Document 58 Filed 10/14/14 Page 5 of 15.

That Dr. Queen has access to some of the information is also not a basis of rejecting the subpoena. Statements in his presentence memorandum based solely on Dr. Queen's memory, a memory of events that took place a year before learning that he was a subject of the investigation without the benefit of contemporaneous notes, can easily be challenged as not accurate. A document contemporaneously prepared by his counsel, Brian Poe, is not easily challenged.

---

[5] The district court granted the request for many of documents cited in the subpoena as reflected in an earlier non published decision. *See* Case 1:13-cr-00761-VM Document 58 Filed 10/14/14.

This is not a fishing expedition. It is a lawful request for relevant and significant documents wrongfully withheld by SWBTS.

Therefore, Matthew Queen respectfully requests that Your Honor deny SWBTS' motion to quash or modify the subpoena and order SWBTS to provide the documents to Mr. Queen's counsel forthwith.

Respectfully submitted,

/s/
Sam A. Schmidt
Attorney for Matthew Queen