```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 1/17/25
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------x
UNITED STATES OF AMERICA,

                -against-                            24-cr-291 (LAK)

MATTHEW QUEEN,

                Defendant.
------------------------------------------------x

## MEMORANDUM AND ORDER

LEWIS A. KAPLAN, *District Judge.*

        Before the Court is a motion to quash or modify a subpoena for documents filed by non-party Southwestern Baptist Theological Seminary ("SWBTS"). The subpoena commands SWBTS to produce "[d]ocuments, electronic or hard copies relating to representation of Matthew Queen by Brian Poe, Esq. that includes notes and emails of contact between Mr. Poe and Mr. Queen or DOJ, and notes of conv between Mr. Queen and DOJ."[1] SWBTS asserts that the subpoena "seeks materials subject to one or more privileges and protections."[2]

        SWBTS has not provided sufficient information to enable Mr. Queen to assess its privilege claim. Although this case is governed by the Federal Rules of Criminal Procedure, the Federal Rules of Civil Procedure are instructive: "When a party withholds information otherwise discoverable by claims that the information is privileged . . . the party must (i) expressly make the claim; and (ii) describe the nature of the documents, communications, or tangible things not

---

[1] Dkt 63-1 at 1.

[2] Dkt 63 at 1.

2

produced or disclosed—and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim."[3] Per this Court's Local Rules, the following information must be provided for withheld documents: "(i) the type of document, *e.g.*, letter, email, or memorandum; (ii) the general subject matter of the document; (iii) the date of the document; and (iv) the author of the document, the addressees of the document, and any other recipients, and, where not apparent, the relationship of the author, addressees, and recipients to each other."[4]

Here, SWBTS has provided none of this information. Although SWBTS asserts broadly that all of the documents subject to the subpoena are privileged, it is not clear which if any contain privileged information. For example, Mr. Poe's notes of conversations between Mr. Queen and DOJ are not necessarily attorney work product of a sort that warrants unqualified protection.[5] SWBTS has not submitted any evidence regarding the contents of the purportedly privilege materials. Nor is there any indication that SWBTS has reviewed any of the documents to determine whether they contain privileged material. Further, even if the notes do contain attorney work product, they would not necessarily escape production in the face of a showing by Mr. Queen of

---

[3] Fed. R. Civ. P. 26(b)(5); *see also United States v. Ray*, 585 F. Supp. 3d 445, 463 (S.D.N.Y. 2022) (requiring non-party to prepare a detailed privilege log in response to subpoena issued under Fed. R. Crim. P. 17).

[4] Loc. Civ. R. 26.2(a)(2).

[5] *See* Fed. R. Civ. P. 26(b)(3)(B) (shielding only "mental impressions, conclusions, opinions, or legal theories of a party's attorney"); *Gruss v. Zwirn*, 296 F.R.D. 224, 231 (S.D.N.Y. 2013) (law firm's representation that "every word in the interview memos constitutes 'core opinion work product' is not credible").

good cause.[6]

Accordingly, SWBTS's motion to quash (Dkt 63) is denied without prejudice to renewal following submission of a privilege log containing the information specified in Local Civil Rule 26(a)(2).

SO ORDERED.

Dated: January 17, 2025

　　　　　　　　　　　　　　　　　　　　　　　　　/s/ Lewis A. Kaplan
　　　　　　　　　　　　　　　　　　　　　　　　Lewis A. Kaplan
　　　　　　　　　　　　　　　　　　　　　　　　United States District Judge

---

[6] *See United States v. Zhu*, 77 F. Supp. 3d 327, 330 (S.D.N.Y. 2014) ("Where attorney work product becomes intertwined with non-privileged facts, the question becomes whether there is another means for the other party to obtain the non-privileged facts.").