**LAW OFFICE OF SAM A. SCHMIDT**
29 BROADWAY Suite 1412
NEW YORK, N.Y. 10006
(212) 346-4666
facsimile (212) 346-4668
lawschmidt@aol.com

**Sam A. Schmidt, Esq.**
_____

March 20, 2025

Honorable Lewis A. Kaplan, USDJ
United States District Court
Southern District of New York
500 Pearl Street
New York, N.Y. 10007

Re:  *United States v. Queen*
24 Cr. 291 (LAK)

Dear Judge Kaplan:

    I am requesting that defendant's motions and sentencing submissions that were filed under seal or in a redacted form be unsealed or unredacted with exceptions. Though Employee-1 has repeatedly made statements to the press and the names of Employee-1, Employee-2 and Employee-3 have been published publicly by various newspapers, other media and by the Seminary, defendant is not requesting that those persons be identified by their names in the documents.[1] Nor is defendant requesting that the letters filed under seal by the government on February 26, 2025 or defendant's response relating to those letters be filed publicly. As for exhibits filed under seal, counsel will redact names and other identifiers of the significant witness.

    The government's request for a protective order cited Fed. R. Crim. P. 16(d)(1) that permit the court, for good cause, to issue protective orders.  The government's argument for the protective order was to protect

> the privacy and confidentiality of individuals and entities; would impede, if prematurely disclosed, the Government's ongoing

---

[1] The most recent public statement made by Employee-1 was made yesterday.  I will not attach a public link to her statements.

1

      investigation of uncharged individuals; and that could lead to the identification of witnesses and victims—who may be subject to intimidation or the risk of harm.

ECF Document 17, page 5.

      The government sought to prevent public disclosure "at this early stage of the case" because it "would significantly jeopardize the Government's ongoing criminal investigation of uncharged individuals involved in the charged conduct, as well as individuals associated with the Seminary and Denomination more broadly." Id at 6.

      In a redacted response dated July 21, 2024, ECF doc. 21, the defendant opposed the government's request for a limited number of documents and though witnesses had been previously identified in publicly filed articles by the press, would not identify witnesses by name.  Defendant noted that the few documents he sought not to be subject of the protective order would not interfere with any continued investigation, if such an investigation was still continuing. All relevant exhibits except for the government's press release, were filed under seal. In its July 26, 2024 reply, ECF Doc. 22, the government noted that "the defendant has no basis on which to opine about the nature, scope, or breadth of the Government's ongoing investigation."

      On September 9, 2024, the Court granted the government's motion for a protective order. ECF Doc. 34. In the decision, Your Honor held that the material "compromises both the future of the government's investigation and the privacy interests of victims and witnesses" and that " [t]he government has more than shown that the documents at issue could endanger both the investigation and third patties if publicized."  *Id*. at 4.[2]  The Court also noted that the potential that disclosure could "taint a trial." *Id.* at 4.

      On October 16, 2024, the government filed a superceding information that added the offense of 18 U.S.C. § 1001(a), making a false statement. The defendant

---

[2] Your Honor noted that it was "sympathetic to the urge to defend oneself publicly."

pled guilty to that offense the same day. On March 5, 2025, Dr. Queen was sentenced to time served and one year supervised release that included six months home confinement. On or about March 11, 2025, the Department of Justice notified the Southern Baptist Convention that its investigation relating to sexual abuse and cover-ups had ended.[3]

**Legal Analysis**

A motion to unseal or to unredact documents filed in district court is usually brought by members of the press or their employers claiming the First Amendment right of public access. At times, defendants have objected to excluding members of the public from courtrooms as a violation of the Sixth Amendment right to a public trial. Here, the defendant is requesting the unsealing of documents filed under seal and the unredacting of documents previously filed publicly in redacted form.

The Second Circuit has determined that the qualified First Amendment right of access apply to written documents submitted in connection with judicial proceedings. *Matter of New York Times Co.*, 828 F.2d 110, 114 (2d Cir. 1987). See also *Nixon v. Warner Communications*, 435 U.S. 589, 597 (1978). Such "[a]ccess to written documents filed in connection with pretrial motions is particularly important ... where no hearing is held and the court's ruling is based solely upon the motion papers." *Matter of New York Times Co.*, 828 F.2d at 114.

> Public disclosure of such proceedings enhances the basic
> fairness of the judicial process and the appearance of fairness
> that is essential to public confidence in the system.

*Id.* at 113 citing *Press-Enterprise Co. v. Superior Court,* 478 U.S. 1 (1986)
Further, Dr. Queen's First Amendment right to challenge the misstatements

---

[3] See e.g
https://www.tennessean.com/story/news/religion/2025/03/12/southern-baptist-convention-sbc-federal-investigation-clergy-abuse/82277973007/;
https://www.baptistpress.com/resource-library/news/dojs-closes-investigation-of-sbc/?fbclid=IwZXh0bgNhZW0CMTEAAR0TbQJypeVOL8rbTSb5Zwu0Fh9suzXoEbtjpqZxnAMdf_mmeEAGx98Q2HA_aem_eGSCkBg90lCB8n9kfEd2iw

made by the press or the government is presently limited because of the existing protective order and the requirement that all documents received from the government were to be filed under seal and that the submissions redact references to such documents.[4]

It is undisputed that the rights noted are qualified and not absolute. This Court has the right and duty to prevent the misuse of documents "from serving 'as reservoirs of libelous statements for press consumption'" or other wrongful uses. *Warner Communications*, 435 U.S. at 598.  Nor does Dr. Queen seek to interfere with privacy rights of others.

The bases of this Court's granting of the protective order are no longer relevant. The government is no longer investigating any conduct relating to the events in the Southwestern Baptist Theological Seminary nor any conduct of anyone related to the Southern Baptist Convention.  Though publicly disseminated, the names of the witnesses will be redacted from the exhibits and remain redacted in the submissions.  Because Dr. Queen has been sentenced, there will be no trial and no jurors who could be influenced.

The documents to be unsealed are the sealed exhibits to defendant's opposition to the government's protective order, the exhibits to defendant's motion to dismiss, and exhibits to defendant's Sentencing Submission and Reply Sentencing Submission.  Defendant is not requesting every exhibit to be unsealed. Counsel will provide these documents with the appropriate redactions to Your Honor and the government and await Your Honor's ruling. Counsel will also provide the modified unredacted submissions to Your Honor and the government and await Your Honor's ruling.[5]

Therefore, defendant, Matthew Queen, respectfully requests that the aforementioned documents be unsealed and/or modified as noted above.

---

[4] Dr. Queen is not seeking to make public any documents or parts of documents received as discovery or as 3500 that have not been filed as exhibits to his submissions.

[5] For the submissions that are to be unredacted, the highlighted portions are what will be unredacted.  For the exhibits that are asked to be unsealed, the highlighted portions will be redacted.  Some exhibits include redactions to appropriate parts.

4

Thank you for Your Honor's consideration.

                                                       Sincerely,

                                                       /s/

                                                       Sam A. Schmidt

                                                       Attorney for Matthew Queen