

Chicago
New York
Washington, DC
London
San Francisco
Los Angeles
Singapore
Dallas
Miami
vedderprice.com

Joshua A. Dunn
Shareholder
+1 212 407 7791
jdunn@vedderprice.com

April 10, 2025

Honorable Lewis A. Kaplan
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

      Re:    *United States v. Matthew Queen*, 24 Cr. 291 (LAK)

Dear Judge Kaplan:

      Non-party Southwestern Baptist Theological Seminary ("SWBTS" or "Seminary") respectfully submits this response in opposition to Defendant Matthew Queen's letter request (ECF No. 88) to unseal certain exhibits currently filed under seal or in redacted form (the "Motion"), specifically with respect to those documents produced to Defendant by the Seminary.[1]

      On November 24, 2024, Defendant issued a Rule 17(c) subpoena to the Seminary. The subpoena sought the Seminary's production of "[d]ocuments, electronic or hard copies relating to representation of Matthew Queen by Brian Poe, Esq. that includes notes and emails of contact between Mr. Poe and Mr. Queen or DOJ, and notes of conv[ersations] between Mr. Queen and DOJ." ECF No. 63-1. The Seminary moved to quash the subpoena based on assertions of privilege, and the Court denied the Seminary's motion "without prejudice to renewal following submission of a privilege log containing the information specified in Local Civil Rule 26(a)(2)." ECF No. 72 at 3. The Seminary subsequently produced various non-privileged documents and a privilege log to Defendant.

      On February 14, 2025, the Seminary and Defendant jointly moved the Court for an order under Federal Rule of Evidence 502(d) that would permit the Seminary to produce certain documents responsive to the subpoena without waiving any applicable privileges. ECF No. 73. This Court issued the requested order on February 18, 2025. ECF No. 74 (the "Rule 502(d) Order"). Subject to the Rule 502(d) Order, the Seminary produced the requested documents to Queen while specifically preserving, as authorized by the order, all of the Seminary's applicable privileges.

      Defendant now moves to unseal a document produced pursuant to the 502(d) Order as well as a number of other documents produced by the Seminary in response to the subpoena. The Seminary opposes that request.

---

[1] To the extent applicable, the Seminary joins in the Government's opposition to Defendant's Motion and incorporates such arguments as if set forth fully herein. ECF No. 89.

Vedder Price P.C. is affiliated with Vedder Price LLP, which operates in England and Wales, Vedder Price (CA), LLP, which operates in California, Vedder Price Pte. Ltd., which operates in Singapore, and Vedder Price (FL) LLP, which operates in Florida.

Honorable Lewis A. Kaplan
April 10, 2025
Page 2

First, Defendant voluntarily agreed to the Rule 502(d) Order and joined the Seminary in a joint submission that squarely invoked the privilege protections of the rule. As Defendant agreed in the joint motion, the Seminary's production was specifically subject to those protections. The language of the joint motion and resulting order is clear: Defendant agreed that the Seminary's "disclosure of documents that may be subject to a claim of attorney-client privilege or attorney work product protection shall not constitute or be deemed a waiver or forfeiture of any claim of attorney-client privilege or work product protection in any federal or state judicial and/or administrative proceeding that the Seminary would otherwise be entitled to assert with respect to: (i) the documents; (ii) other documents relating to the subject matter of the documents; and/or (iii) other documents relating to the persons who sent or received or are named in the documents."

Defendant's Motion focuses solely on the government's closure of the grand jury investigation underlying his prosecution. Motion at 4. In doing so, it ignores claims of privilege that the Seminary maintained through its production and which Defendant, through the joint motion, specifically agreed had been preserved by the Seminary.

*United States v. Daugerdas* is instructive here. There, the defendant moved to unseal a document produced to him under a Rule 502(d) order by his former employer, a non-party, in order to use that document in a private arbitration. 2012 WL 92293, at *1 (S.D.N.Y. Jan. 11, 2012). The court denied the motion to unseal, finding that the document was attorney work product and that the defendant's interest in the document did not require the court to "set aside the protection afforded" to attorney work product. *Id*. at *2. The court noted further that the Rule 502(d) order had been entered to address the exact concern the defendant's motion raised. *Id*.

These facts align with the issue presented here. The document was produced by the Seminary subject to the Rule 502(d) Order and is plainly attorney work product, as it is the notes of the Seminary's attorney taken in anticipation of an actual or threatened litigation. The notes contain both factual information and attorney impressions, a hallmark of attorney work product. *See In re Gen. Motors LLC Ignition Switch Litig*., 80 F. Supp. 3d 521, 532 (S.D.N.Y. 2015) ("Interview notes and memoranda produced in the course of similar internal investigations have long been considered classic attorney work product."). Attorney work product may only be obtained where the party "shows that it has substantial need for the materials to prepare its case and cannot, without undue hardship, obtain their substantial equivalent by other means." *Id.; see also Upjohn Co. v. U.S.*, 449 U.S. 383, 401 (1981). Defendant has made no such showing here—indeed, he cannot, as he has been sentenced and his case before this Court has concluded.

Further, just as the court found in *Daugerdas*, the document here does not contain any factual information that Defendant could not otherwise obtain, particularly given that the notes reflect attorney notes and impressions of a conversation that he participated in. *See Daugerdas*, 2012 WL 92293, at *2. Defendant thus has not shown a substantial need for this document, and argues only that his "right to challenge the misstatements made by the press or the government is presently limited because of the existing protective order[.]" Motion at 3-4. He offers no explanation describing a substantial need for this specific privileged document nor any argument that the document is, in fact, not privileged.

Honorable Lewis A. Kaplan
April 10, 2025
Page 3

Indeed, as in *Daugerdas*, the Rule 502(d) Order was entered into to address "the precise concern" raised by this Motion – that Defendant would seek to utilize the Seminary's privileged documents to share with the government or the public. 2012 WL 92293, at *2. To allow Defendant to attempt to circumvent the Rule 502(d) Order now, after his explicit agreement and the Seminary's production in reliance on it, would set a precedent that parties may enter into such agreements with the intent to move to functionally negate them at a later point.

Further, and for the reasons articulated in the Government's opposition, the Seminary requests that the Court deny Defendant's Motion to the extent it seeks to unseal those documents not subject to the Rule 502(d) Order but which were produced by the Seminary and designated as confidential. As an initial matter, there is no indication that any of the documents Defendant seeks to unseal were "relevant to the performance of the judicial function and useful in the judicial process" such that there is a general presumption of access, and Defendant makes no such argument. *See United States v. Amodeo*, 44 F.3d 141, 145 (2d Cir. 1995). Critically, there are a number of other parties involved in these document, including the Seminary, who have not waived their privacy rights. Defendant's offer to redact the names of significant witnesses to protect their identity is an empty gesture. Given the information currently available about this case, the identities of those involved in the documents currently under seal would be easily ascertained, comprising the continued privacy interests of those involved. Here again, it is clear from Defendant's Motion and prior statements in connection with the protective order entered in this case that his intent is to utilize these statements in the media in an attempt to further his own narrative. *See* Def. Opp. to Motion for Protective Order, ECF No. 21 ("Counsel should be permitted to correct the inaccurate and misleading public statements made by the government supported by documents").

Therefore, the Seminary requests that Defendant's Motion to unseal be denied with respect to any document produced to Defendant by the Seminary. The Seminary thanks the Court for its consideration of this matter.

Respectfully submitted,

*Joshua A. Dunn*

Joshua A. Dunn
Shareholder

JD

cc: All counsel of record (*via* ECF)