**LAW OFFICE OF SAM A. SCHMIDT**
29 BROADWAY Suite 1412
NEW YORK, N.Y. 10006
(212) 346-4666
facsimile (212) 346-4668
lawschmidt@aol.com

**Sam A. Schmidt, Esq.**
_____

April 15, 2025

Honorable Lewis A. Kaplan, USDJ
United States District Court
Southern District of New York
500 Pearl Street
New York, N.Y. 10007

                    Re:  *United States v. Queen*
                         24 Cr. 291 (LAK)

Dear Judge Kaplan:

      This letter is filed in reply to the government's response opposing defendant's motion to unseal and unredact documents that have been filed in this case requesting certain relief. It also responds to the letter filed on behalf of the Southwestern Baptist Theological Seminary (SWBTS). Dr. Queen is not asking to unseal or unredact "a cherry-picked selection of excerpted documents," he seeks to unseal and unredact relate only the submissions filed on ECF and documents filed as attached exhibits. Dr. Queen does not seek to unseal or unredact any other documents received as discovery or 3500 subject to the protective order.

      The government argues that "it is unclear that *any* of the exhibits constitute judicial documents." The government further claims that the documents are not "judicial documents" because [t]he Court has not relied on any of the exhibits in its rulings nor cited to any of them at sentencing and none of the exhibits have been made public at a trial or other proceeding." That this Court did not grant our applications in the filed motions or did not sentence Dr. Queen to exactly the requested sentence, does not mean that this Court did not review and consider the documents when making judicial decisions. Undoubtedly, your Honor considered all allegations of fact and arguments before rendering a decision. Therefore, those documents are clearly judicial documents.

More importantly, whether a court studies the submissions or ignores the submissions is not a basis of determining whether a document is a judicial document. The Second Circuit made it clear that

> that the item filed must be relevant to the performance of the judicial function and useful in the judicial process in order for it to be designated a judicial document.

*United States v. Amodeo*, 44 F.3d 141, 145 (2d Cir. 1995). In *Amodeo*, the Circuit found that a report filed by a Court Officer as to the status of her investigation, that was not required to be filed, was a judicial document.

The only issues are whether law enforcement privilege or privacy concerns overcome the presumption of public availability. Clearly, the documents are not going to be used "to gratify spite or promote scandal" or "serve as reservoirs of libelous statements for press consumption." *Amodeo* 44 F. 3d at 146, citing *Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 597-98, 98 S.Ct. 1306, 1312, 55 L.Ed.2d 570 (1978).

The government's argument that "the FBI notes and reports of all witnesses except the defendant should stay under seal to protect the law enforcement privilege" deserves little or no attention. The public is aware that the FBI conducts interviews of witnesses and the government issues subpoenas to have witnesses appear. The existence of interviews of witnesses and that those witnesses were subpoenaed to appear for the grand jury has already been made public both in government and defense submissions and public statements. Nothing that would be unsealed or unredacted would provide any information concerning privileged conduct of law enforcement.

The only argument that requires any reply at all, is the privacy interest of the witnesses, notwithstanding Dr. Queen's willingness to redact information that may provide clues to the identity of witnesses not already published publically. The government cites *SEC v. Ahmed*, No. 15 Civ. 675 (JBA), 2018 WL 4266079, at *3 (D. Conn. Sept. 6, 2018) for the concept that the witnesses have not waived their privacy interests. Waiver had no part of that decision nor is it a factor in the

balancing of disclosure and privacy interests.[1]

The government also cites In re *Search Warrant,* 2016 WL 7339113, at *4 (S.D.N.Y. Dec. 19, 2016). There, the Court permitted most of the search warrant application to be unsealed, including Hilary Clinton's name because it was previously publicly announced, and required the identity of Subject 2 to be protected as well as the names of the government agents who worked in the field of national security and counterintelligence. We are not seeking to unseal and unredact anything that identifies the witnesses. When examining the facts of the cases cited by the government it is clear that such cases do not support its arguments.

The documents sought to be unsealed and unredacted contains no possible identifying information about any of the witnesses that has not already been made public. Dr. Queen has always sought to protect the privacy of the alleged victim, her friend who reported the events to Employee-1 and the alleged perpetrator, and no information would provide any intrusion on their privacy.[2] Employee-1 has made public statements about Dr. Queen that are inaccurate, false or misleading. Her statements have been reported in the press and other media. The documents sought to be unsealed or unredacted contain statements by witnesses that demonstrate that such statements were inaccurate, false or misleading, and Dr. Queen's statements, other than those he admitted to be false, were accurate.

Allowing the redacted or sealed statements would clarify and confirm information that is already public without impacting the privacy interests of any witness. For example, in the Sentencing Submission counsel explained:

> Dr. Queen also objected to the statement found in paragraphs 10 and 11 that "Employee-2 directed Employee-1 to destroy the document that was produced." The term "destroy" was never

---

[1] In *Ahmed*, the Court denied sealing the transcript and documents except for the statements concerning family matters and financial matters that could cause give commercial competitors and advantage over the movant.

[2] The government requested that it be consulted prior to the public release of any of the requested documents. Dr. Queen has no objection to this request.

used by anyone, and the language used was more ambiguous. Employee-1 told the government  Exhibit H. Ms. ▮▮▮ told the government that

Exhibit I.[3]

Dr. Queen's request would permit the actual statement of Employee-1 or Employee-2 made that support his statement that the word "destroy" was never uttered and the actual words that were uttered by them without exposing any further information about their identity. The identity of the declarant would continue to be redacted but the actual statements made that counsel refers in a conclusory manner would become unredacted to confirm that the word "destroy" was never used and that the statement made by Employee-2 was ambiguous. It would not impact the privacy concerns of either participant.

Another example in the Sentencing Submission relates to the government's claim that Dr. Queen was not distracted during Employee-1 and Employee-2's discussion

Almost immediately after the February 13, 2024 meeting where the issue was discussed, Employee-1 confirmed that Dr. Queen was on the telephone and was distracted. She told ▮▮▮▮▮ exactly that. 

---

[3] There is additional redactions that specifically relate to the fact that Employee-2 did not tell Employee-2 to destroy the document.

Again, the is no impact on any witnesses' privacy by the unredactions and the unsealing of the exhibits confirming the full statements while maintaining redaction of their identities.  It would, however, inform the public of the full and accurate account of the events surround Dr. Queen's offense and fully understand the bases of this Court's decisions.  Unsealing and unredacting the submissions and exhibits  would promote the public's trust of the judicial system and assure the public that secrecy is invoked only when necessary to protect witnesses or ongoing government investigations.[4]

**As to the Response by Southwestern Baptist Theological Seminary**

There is only one document that Dr. Queen seeks to unseal that was subject to the F.R.E. 502 agreement, which are notes taken by Brian Poe, Esq. during a meeting with Dr. Queen and his wife. Those notes appear to almost be verbatim of the statements made to Mr. Poe by Dr. Queen, and most of it was then emailed to the government. As noted in another submission, Docket Number 68, Dr. Queen was told by President Dockery that Brian Poe would be the attorney present and that he should speak with him.  Dr. Queen did have conversations and emails  with Mr. Poe.  He relied upon him for legal advice. Under the circumstances. Dr. Queen believed that Mr. Poe would be acting as his attorney.  Mr. Poe did not explain the potential conflicts that might occur as the result of his representation of multiple witnesses and SWBTS.

On two later occasions, when the question of representation arose between Dr. Queen and Dr. Dockery, Dr. Dockery told Dr. Queen that he should not spend his money on an attorney and that the Seminary was paying Mr. Poe to represent him.  Indeed, Mr. Poe's and Dr. Queen's interaction was as between a client and his attorney. Dr. Queen was never informed that Mr. Poe was acting solely as the attorney for SWBTS and not as his attorney.  That Mr. Poe was acting as his attorney is confirmed in an email to a representative of the United States Attorney for the Southern District of New York.

---

[4] As a result of the mischaractization in statements by the government and others, Dr. Queen has been subject to abusive and threatening statements made online.

> From: Brian Poe <bpoe@bpoelaw.com>
> Sent: Tuesday, June 13, 2023 5:14 PM
> To: Sanchez, Jenessis (USANYS) [Contractor]
> <JSanchez5@usa.doj.gov>
> Subject: [EXTERNAL] Follow up
>
> Jenessis,
>
> I forgot to give you all my contact info during our call. Just as a reminder, I'm the attorney for ▮▮▮, [Employee-1], and Matt Queen.
>
> Thanks,
> Brian D. Poe, Attorney at Law PLLC
> The Bryce Building
> 909 Throckmorton Street
> Fort Worth, TX 76102
> (817) 870-2022 (office)
> (972) 822-7396 (cell)[5]

And, of course, the proffer agreement clearly states that "[w]ith respect to the meeting of [Matthew Queen] ("Client") and his attorney, Brian Poe, Esq., with Assistant United States Attorneys Lindsey Keenan and Jacqueline Kelly ...." with signatures of both Dr. Queen and Brian Poe. This document, the notes taken by Mr. Poe's conversation with Dr. And Ms. Queen is not privilege material of SWBTS. Simply this document is not subject to attorney-client privilege as to SWBTS but as between Dr. Queen and Mr. Poe. Dr. Queen waives the privilege.

    SWBTS argues that unsealing or unredacting the documents requested by Dr. Queen

> Given the information currently available about this case, the identities of those involved in the documents currently under seal

---

[5] Exhibits A, B, and C filed with Docket 68 contains the relevant exhibits.

would be easily ascertained, comprising [*sic*] the continued privacy interests of those involved.

SWBTS submission page 3. This statement is disingenuous, at best. The Seminary, and Employee-1 herself, have identified Employee-1 and Employee-2 in online statements available on its website. *See* https://swbts.edu/news/ statement-by-david-s-dockery; https://swbts.edu/news/statements-on-conviction-of-matt-queen. *See also*, https://www.tennessean.com/story/news/religion/2024/05/29/sbc-florida-pastor-implicated-abuse-cover-up-doj-probe/73823428007.

The documents received pursuant to subpoena that have been marked "confidential" are not subject to the FRE 502 agreement and were redacted or sealed as a courtesy to SWBTS and its employees to preserve their privacy. As will be done with the other documents, all names and other identifying information of those witnesses with be redacted before making such public.

While SWBTS again repeats its claim that the documents relate to an internal investigation, the substance of those documents indicate otherwise. Two documents relate to emails or texts between Dr. Queen and others, and the third is between Mr. Poe and the prosecutors relating to scheduling the grand jury appearances of Dr. Queen and others. There is no legal bar to publicly filing these documents.

Therefore, we respectfully request that the submissions and exhibits filed in this case be unsealed and unredacted as requested.

Thank you for Your Honor's consideration.

> Sincerely,
>
> /s/
> Sam A. Schmidt
> Attorney for Matthew Queen